*429 And now the Court were fully of opinion that the declaration could not be sustained; the majority of the Court inclining to think it bad, because it was not alleged that the personal estate of the intestate was insufficient to pay the debts, &c. But Cushing, C. J., was clearly of opinion that an administrator could not maintain any real action, unless it was to foreclose a mortgage; and this, he said, had been frequently ruled in the superior court; particularly in an ejectment decided at Boston, February term, 1758, before Sewall, C. J., Lynde, Cushing, Russell, and Oliver, justices, between Goddard, Admx., &f Goddard. In that action, the administratrix declared that she was seised in her demesne as of fee of certain real estate in Roxbury, within, &c., in trust, in her said capacity, for the payment of her intestate’s debts, pursuant to an order of court to aliene and dispose of the same in fee for that purpose; and being so seised, the defendant disseised her. And on a special verdict found, the Court determined that she could not recover; for an administrator has no such seisin nor estate in fee, but a bare authority. The authority, under the provincial law, which administrators obtain, by order of the superior court, to sell lands, * was likened to the authority which executors have, where testators grant that the executors may sell; which has always been held to be but a bare license.— Co. Lit. 112, b, 113, a, 236, a, 42, a. — And this authority may as well be executed, without an actual possession by the administrator as with one. There can therefore be no reason to maintain the action on that ground; and certainly there is no principle of common law to support it. (a)

 [See the Revised Statutes, c. 71, § 12,13. — Ed.]