Chief Justice Robertson
delivered the Opinion of the Court.
On the 16th of February, 1835, William Baxter and Richard Brand signed and mutually delivered an article of agreement, stipulating that Baxter, for the considerátion of three thousand dollars, had sold and would con-to Rranch hi the month of March succeeding, by deed of general warranty, a tract of land of one hundred acres on which the vendor then resided, in Harrison county, and would deliver possession thereof, “ except the house and garden,” which he was to retain during his own life; and that Brand would pay, the price in three equal instalments, the last of which was made payable on the 15th of October, 1837.
Tty. , . r , r . , r , Within a lew days alter the date of the contract, Brand proposed to modify the written memorial of it* r r J 7 so as to reserve to Baxter expressly the use of the “door *297 yard” and of “fire-wood,” which he admitted that Baxter was entitled to by the oral agreement between them. But Baxter, without then pretending that he was entitled to any greater reservation, refused to permit the proposed modification; and he also refused, in the month of March, 1835, to make a conveyance of his title to Brand, or to accept his notes for the consideration, which were offered to be given; and afterwards, he persisted in refusing to consummate the contract, or to permit Brand to enjoy the use of the land.
A purchaser of land, by executory contract, cannot enforce it for more than is included in the written memorial: the statute -of frauds prohibits any suit up•on a verbal contract for land; hut the statute has no application, where the purchaser, admitting a , mistake in the writing,, claims less than it entitles him to. Nor can ,the vendor take advantage of such error in the writing, to avoid his contract.
*297 To obtain a decree for a specific execution of the contract, Brand filed a bill in chancery against Baxter and one Lail, who had taken possession of the land as Baxter’s tenant; but the bill did not suggest any mistake in the article of agreement.
Lail did not answer the bill; and Baxter, in his answer, resisted a decree for a specific execution, on the ground that, as he then alleged, he was entitled, by the parol contract, to the “door yard” and to “fire-wood,” and to the stable, and barn, and corn-crib, and the stable lot, and to pasture for two horses and two cows, during his life; and that, in reducing the contract to writing, that reservation had been fraudulently pretermitted.
Brand, thereupon, filed an amended bill, suggesting that, though the article of agreement contained no other express reservation than that of “¿lie house and garden,” nevertheless, Baxter was entitled also, to the use of the “door yard,” and of fuel, but to nothing else; and that he had offered to accept a deed with the reservation as thus admitted to be just, and still desired and sought a conveyance on no other terms.
The amended bill was never answered.
The Circuit Court decreed that Baxter should make a conveyance, reserving to himself for life, the use of the dwelling house, and yard, and garden, and fuel, and that he should also allow to Brand a credit for two hundred and fifty dollars, for the use of the land; and this appeal brings up that decree for revision.
The contract seems to have been fair and equal, and for a full and adequate consideration. There is no suffi *298 cient ground for imputing fraud or unfairness to Brand.
Tho’ extraneous facts cannot he used to contradict a writing, they may be proved to rebut a mere equity apparently resulting from it. There shoulá be .no decree for a conveyance,without payment of it he purchase mo,ney due.
The vendor is •-entitled to interest on the money after it is -due. The purchaser to ' the rents and profits ¡from the time -when he was entitled to the possession.
■The written reservation of the dwelling house and garden, implied, as we are strongly inclined to think, a right to use the yard and all necessary estovers, without which the only purpose of reserving the dwelling would be frustrated.
But if the right to the use of the house as a home, did not imply the incidental right to use the yard and necessary fuel, still we cannot perceive that Brand was guilty of any fraud, or had any sinister design either in signing the article of agreement, or in filing his bill without making any suggestion as to the reservation of the yard and of fuel. The writing was prepared by a country school master — the most unsuitable perhaps of all classes of scriveners — and was read audibly and carefully to both parties, and not only the character of the reservation as orally made and as written, but Brand’s conduct ever afterwards should leave no reasonable doubt that his intentions were fair and his course candid. The fact that his bill contained no allusion to the yard and fuel, should not be deemed evidence of a fraudulent or unjust purpose: (1) because he might be presumed to have understood that the express reservation of the house would be considered as entitling Baxter to the use of the yard and of necessary fuel; (2) because he had so often and ■publicly declared that Brand was entitled to the use of -the yard and of fuel, that he could not have doubted that the fact would be made to appear; (3) because the form of the bill should be considered as that of his counsel, rather than of himself; and, moreover, it should not be deemed unfair, or. sinister, to draw the bill according to the contract as expressed by the written memorial of it.
We are also satisfied, that there was no other verbal reservation than what the decree recognized in favor of Baxter.
Baxter’s counsel, however, has earnestly argued that the statute of frauds and perjuries applies to the case, and that, on that ground alone, the Circuit Judge ought to have dismissed the bill.
Had Brand sought a specific execution of any stipula *299 tion in his favor not contained in the memorial of the contract, the statute would have undoubtedly applied to that extent. But he neither sought nor obtained a decree for more than the writen contract entitled him to; and therefore, as to him, the statute could have had no application. For the benefit and at the instance of Baxter, Brand might certainly have yielded a part of what the written contract might be construed as entitling him to. And had he thus given up half the land, Baxter surely would have had no right to object to a conveyance of the other half on the ground that the contract was for the whole tract; and that therefore, Brand was seeking a decree, not for more than the written agreement entitled him to, but for less. Such an application of the statute would be as novel as it would certainly be subversive of its whole aim and policy, and incon-sistent with the invariable and universal exposition of. it by the Judges of England and America.
There might be some reason for applying the statute to Baxter, when he attempted to prove a verbal contract different from that which the written- evidence of the agreement of the parties imports. And the only reason why he could be allowed to make such a defence,. is, that extraneous facts may be admitted, not to contradict or defeat the legal effect of the written contract,but to rebut a mere equity apparently resulting from it. But Brand has not attempted either to compel Baxter, to do any thing which the written contract did not oblige him to do; or to contradict the writing, to the prejudice of Baxter, by oral testimony inconsistent with its import; or to obtain a specific execution, for his own benefit, of any stipulation not contained in the writing.
It is, to- our minds, perfectly clear, therefore, that the statute of frauds and perjuries can present no objection to the decree as -rendered. And we are consequently of the opinion that Brand is entitled to a specific execution according to the prayer of his amended bill.
But it was erroneous to decree a conveyance by Baxter, without the payment of the consideration. Baxter is entitled now to the three thousand dollars, and legal interest on each of the three instalments thereof, *300 ffrom the time each was due — after deducting an allowance to Brand, for the reasonable profits of the land (from the 1st of April, 1835, when, as we understand the 'contract, he was entitled to the possession.
For this error alone, the decree is reversed, and the cause remanded for such further proceedings and decree as may be proper for effectuating the rights of the parties according to the foregoing opinion.