ROBERT B. CAVERLY, administrator, *vs.* BENJAMIN F.
SIMPSON.

Middlesex.    Jan. 17. — March 4, 1882.   LORD, FIELD & C. ALLEN, JJ.,
absent.

A bill in equity, by the administrator of A. against B., alleged that C., who owned
a parcel of land, subject to a mortgage to B., in consideration that B. would dis-
charge the mortgage, quitclaimed it to B ; that, on the following day, B. gave
to A., who was C.'s father, a bond to convey the land, within a certain time, on
payment of a certain sum and interest, together with all sums expended by B.
in making improvements and removing incumbrances; that, at the time the
bond and deed were given, C. was indebted to A., and that the bond was given
to A. on account of some equitable consideration moving from C. to A.; that
the plaintiff had been licensed by the Probate Court to sell the real estate of A.
for the payment of his debts; and that the mortgage constituted a cloud upon
the title.   The prayer of the bill was that the mortgage might be cancelled;
that B. should be ordered to convey the land to the plaintiff, on payment of
what was due, or pay for damages for breach of the contract to convey.   *Held*,
on demurrer, that the bond given by B. to A. could not operate as a defeasance
of the deed given by C. to B.; and that the bill could not be maintained either
as a bill to redeem a mortgage, or as a bill for the specific performance of a
contract to convey land.

BILL IN EQUITY, filed April 5, 1881, by the administrator
with the will annexed of Daniel Eastman, Sen., alleging that
two parcels of land in Lowell belonging to Daniel Eastman, Jun.
were mortgaged to the defendant by five successive mortgages,
which were yet undischarged upon the records, and were clouds
upon the title; that by deed dated June 19, 1877, Eastman,
Jun. gave to the defendant a quitclaim deed of these parcels of
land, the consideration of which was the giving up and cancel-
ling of the mortgages; that on June 20, 1877, the defendant
gave to Eastman, Sen. a bond in the penal sum of $6000 con-
ditioned as follows :

" The condition of this obligation is such, that, whereas Daniel
Eastman of Chelmsford has sold and conveyed by deed of quit-
claim, dated June 19, 1877, duly executed and recorded with
Middlesex North District Deeds on the twentieth day of June,
1877, to said Simpson, two certain lots of land with the appur-
tenances situated in said Lowell, to wit: one lot on the south-
erly side of Paige Street, and one lot on the northerly side of
Merrimac Street, reference to which deed is made for particular

description of said premises; and whereas said Simpson intends to make betterments and improvements on said premises; and whereas it is agreed by and between said Simpson and said Daniel Eastman, Senior, that he the said Simpson will sell and convey to said Daniel Eastman, Senior, by deed of quitclaim, said premises, whenever, at any time within five years from date hereof, he shall pay to said Simpson the sum of five thousand dollars, together with all further sums said Simpson shall pay to remove any legal incumbrances on said premises, and together with all further sums said Simpson shall expend from and after date hereof in making betterments and improvements on said premises, and also shall pay interest on said sum of five thousand dollars from date hereof, and on all sums paid and expended in removing incumbrances, and in betterments and improvements, from the several dates of such payments for incumbrances, betterments and improvements, at eight per cent per annum, to be reckoned semiannually."

The bill further alleged that, at the date of the deed and bond, Eastman, Jun. was largely indebted to Eastman, Sen.; and that this bond was given by the defendant to Eastman, Sen. on account of some equitable consideration moving from Eastman, Jun. to Eastman, Sen., but what it was the plaintiff was ignorant, as both were dead; that one Howe, of Lowell, had been appointed administrator with the will annexed of the estate of Eastman, Jun., and, as the plaintiff was informed and believed, made no claim to have any equitable rights in the bond; that the plaintiff had been licensed by the Probate Court to sell his testator's real estate for the payment of debts, and it was necessary for the plaintiff to redeem the lots of land in question, and to recover and sell his testator's interest or equitable rights therein; that the obtaining of the quitclaim deed by the defendant of Eastman, Jun., in consideration that the five mortgages were to be cancelled, and the giving of the bond to Eastman, Sen., which were executed in one and the same transaction, ought in their effect and construction to be regarded as a mortgage to Eastman, Sen.; that the plaintiff, since his appointment as administrator, had been willing, and was willing, to comply with the conditions of the bond, and to pay the defendant whatever might be justly and equitably due thereon; and on December

16, 1879, made a demand on the defendant for an account, claiming a cancellation of the mortgages, and a quitclaim deed of the lands, with which request the defendant refused to comply.

The prayer of the bill was that the mortgages given by Eastman, Jun. be cancelled of record ; that the defendant account for rents and profits received by him since he had been in possession ; that the defendant convey the premises to him as administrator, or pay damages for breach of the contract to convey.

The defendant demurred to the bill for want of equity ; the demurrer was sustained ; and the plaintiff appealed to the full court.

*C. G. Saunders*, for the defendant.

*R. B. Caverly*, (*J. L. Hunt* with him,) *pro se.*

W. ALLEN, J. This bill cannot be maintained as a bill to redeem a mortgage. The bond given to Daniel Eastman, Sen. cannot operate as a defeasance of the deed given by Daniel Eastman, Jun. The transactions were different, at different times, and between different parties, and cannot be treated as constituting a mortgage without violating the intention of the parties and the rules of law. *Flagg* v. *Mann*, 14 Pick. 467.

As a bill to compel the specific performance of a contract to convey land, it cannot be maintained by the plaintiff under his general authority as administrator. The interest in such a contract goes to the heirs and devisees, and they, and not the personal representatives, are the proper parties to enforce it. To meet this obvious objection, the bill alleges that the plaintiff has been licensed by the Probate Court to sell the real estate of the deceased for the payment of debts, and presents the question whether, having been so licensed, he can maintain this bill to obtain possession of the land, for the purpose of selling it under the order of the Probate Court. This depends upon the construction of the statute ; for, without express statute provision, an administrator cannot enter upon, or maintain an action for, real estate of the deceased. *Drinkwater* v. *Drinkwater*, 4 Mass. 353. *Hathaway* v. *Valentine*, 14 Mass. 501. The bill does not ask the court to exercise a jurisdiction to order the application of the personal estate to the relief of the real estate. It is not framed with that aspect, but rests on the naked power of sale

given to the administrator by the order of the Probate Court, and the authority of the administrator incident to that. The statute provides that " an executor or administrator, licensed to sell lands fraudulently conveyed by the deceased, or fraudulently held by another person for him, or to which he had a right of entry or of action, or a right to a conveyance, may first obtain possession thereof by entry or by action, and may sell the same at any time within one year after so obtaining possession." Gen. Sts. *c.* 102, § 12. Is this an action brought to obtain possession of land to which the deceased had a right to a conveyance? It is unnecessary to determine whether a bill in equity will lie in any case by an administrator to acquire the title and possession of lands under this provision, because the allegations of the bill do not show a case within the statute. The deceased had no right of entry or of action to the land, and no right to a conveyance. He had a contract under which he had an option to acquire such a right by the performance of certain conditions; but he did not perform them, and, until performance or tender, he had no right to a conveyance. The plaintiff now offers to perform the condition and acquire the right. The deceased had a contract under which he had a right to secure the title to certain land; but he did not avail himself of that right, and now his administrator seeks to apply the personalty of the estate to the purchase of the land, that it may be sold to pay debts. He does not propose to apply the personal estate to pay a debt due from the deceased, nor to remove a lien or charge upon the estate, nor to do anything which the deceased was, or which his administrator is, under any obligation to do, or which is for the advantage of the estate in any other sense than any improvement on real estate which might be of advantage to the sale of it would be.

The question is not whether the contract gave the deceased a right or interest in the land which would descend to his heirs, and which might be sold by the administrator under the Gen. Sts. *c.* 102, § 11; but it is whether he had a right to a conveyance under § 12, which his administrator can enforce. He had no such right, and the administrator cannot acquire it without the performance of a condition which is beyond his authority.

*Decree affirmed.*