LUMAN J. EASTMAN & others *vs.* BENJAMIN F. SIMPSON. .

Middlesex. March 23. — May 9, 1885. C. ALLEN, J., did not sit.
COLBURN, J., absent.

If a bill in equity for specific performance contains also a prayer, in the alterna-
tive, for damages, and a decree is entered for specific performance, which is not
appealed from, and the case is sent to a master to state an account, it is too late
afterwards to move for a decree for damages, where there is no disability on the
part of the defendant to perform the contract.

A bond was conditioned for a conveyance of certain parcels of land on the obligee
paying $5000 within five years, with interest from the date of the bond at eight
per cent semiannually, and all sums expended by the obligor in making im-
provements or removing incumbrances, with like interest from the dates of the
several payments. *Held*, on a bill in equity, by the obligee against the obligor,
for specific performance of the agreement, that the defendant was charge-
able with rents and profits after a sufficient tender was made, but was not
chargeable for rents and profits accruing before the tender. *Held, also*, that the
defendant was properly allowed for the expense of pulling down a building for
the purpose of making an improvement, although the building was not rebuilt,
on account of the tender being made. *Held, also*, that the defendant was prop-
erly allowed the cost of getting a release of dower from the obligor's grantor,
it being an incumbrance on the land. *Held, also*, that, as the defendant's refusal
to accept the tender was owing merely to a denial of the authority of the per-
son who made the tender, the defendant was entitled to interest on the amount
due, from the time of the tender to the date of the filing of the bill in equity.

HOLMES, J. This is a bill in equity, brought by the heirs and
devisees of Daniel Eastman, Senior, with alternative prayers
for damages for the breach of a bond to convey certain land,
and for specific performance. A decree was made for specific
performance, and the case was sent to a master to ascertain the
amount to be paid by the plaintiffs in order to entitle them-
selves to a conveyance. The master made a report and a
supplemental report, to which the plaintiffs took various excep-
tions. They also filed a petition that the decree be for damages,
instead of specific performance. The exceptions and petition
were overruled, and a final decree entered, and the plaintiffs
appeal. We shall go into the documents referred to no fur-
ther than is necessary to dispose of the points that have been
argued. We shall assume in favor of the plaintiffs that their
exceptions have been duly taken and are still open, but we do
not mean to imply that the court would not be justified in de-
clining to consider them on account of the form in which they
are presented.

1. The decree for specific performance, under which all the hearings before the master have taken place, was not appealed from, and it is now too late for the plaintiffs to ask for damages instead. Moreover, no ground is shown for relief in that form, if the question had been raised at an earlier stage. The plaintiffs elected to come into equity, and they have made out a case for equitable relief. There is no disability on the part of the defendant to perform the contract. If the plaintiffs were entitled to damages, they knew it when they brought their bill, and, if they wanted them, they should have sued at law. See *Milkman* v. *Ordway*, 106 Mass. 232.

2. The condition of the bond executed by the defendant is set forth in *Caverly* v. *Simpson*, 132 Mass. 462. The master reported that a sufficient tender was made on December 16, 1879, and charged the defendant with rents and profits from that date, but refused to charge him with those previously received. We cannot say that the master's refusal was wrong. The report discloses nothing in favor of the plaintiffs beyond what can be found on the face of the bond. The bond is conditioned for a conveyance on the terms of the obligee paying five thousand dollars within five years, with interest from the date of the bond at eight per cent, to be reckoned semiannually, and also all sums expended by the obligor in making improvements or removing incumbrances, with like interest from the dates of the several payments. Nothing is said of any cross allowance for rents and profits. The obligee was a stranger to the title. He was free to take the land or not within five years, but had no interest in it until he expressed his will to take it. We must regard the bond as a mere contract to convey at the election of the obligee. And, so regarding it, we cannot make a new bargain for the parties, or insert an obligation which we do not find in the writing.

3. We see no reason for disturbing the master's finding as to the amount of rent for which the defendant should be charged, when chargeable.

4. The defendant was properly allowed for the cost of pulling down buildings for the purpose of improving the property, as contemplated in the bond, although the improvement was interrupted by the plaintiffs' tender, and the part pulled down was

not rebuilt. The master properly refused to charge the defend-
ant for the damage alleged to have been caused by the pulling
down.

5. The defendant was properly allowed the cost of getting a
release of dower from the widow of Daniel Eastman, Junior,
the obligor's grantor. Dower was an incumbrance within the
meaning of the bond. See *Harrington* v. *Murphy*, 109 Mass.
299. We see no reason for disturbing the master's finding as to
the amount paid to remove it.

6. The plaintiffs object to the charge against them of interest
at six per cent, with annual rests, since the date of the tender to
the date of the filing of the bill. This interest is not allowed
on the footing of the contract, but as a corollary of crediting
the plaintiffs with the rents and profits. For the purposes of
accounting, the plaintiffs are treated as having owned the land
from the date of the tender. But, as they are only entitled to
the land on payment, it follows that they must account for the
money from the same date. Although the master finds that a
sufficient tender was made to save the plaintiffs' rights, yet the
amount to be paid has remained uncertain until the account was
taken in this cause. No money has been tendered or set aside,
and the defendant's refusal did not amount to a repudiation of
the bond, but simply to a not wholly unnatural denial of the
authority of the solicitor who made it. Under these circum-
stances, as the plaintiffs have had the use of the money, it is
equitable to charge them with interest. If interest is to be
charged at all, the plaintiffs make no objections of detail as to
the mode in which the master has computed it. We do not
perceive any error by which they have suffered.

The defendant appears to be right in the suggestion that an
item of $130.53 has been dropped from the account and decree
by a clerical error. The decree may be amended in this particu-
lar; otherwise, it will stand.                    *Decree affirmed.*

*R. B. Caverly*, for the plaintiffs.

*C. G. Saunders & J. W. Reed*, for the defendant.