JOHN V. SANDERS vs. SAMUEL G. BRYER & another.

Essex.   February 28, 1890. — September 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Specific Performance — Agreement to convey in Lease.*

A lease, describing the leased premises as a "dwelling-house, with barn and out-buildings and all land now being used in connection therewith, being about seven acres, more or less, situated" on a certain street, contained, besides covenants against waste and underletting, an agreement for the sale of the premises to the lessee. The lessee cut down trees of little value upon the premises, and, being unmarried, allowed the family with which he lived to occupy the premises rent free. After a refusal to convey, upon tender duly made of the agreed price, he brought a bill for specific performance, more particularly describing the premises, and alleging them to be the same as those described in the lease, which allegation the answer did not deny; and all the evidence referred to the leased premises. *Held,* that the bill could be maintained.

A lessee, having the option to buy the leased premises, duly tendered the purchase money to the lessor, but was refused a conveyance. He thereupon ceased to pay rent while continuing to occupy and enjoy the premises, and employed the purchase money in his business. *Held,* on a bill brought by him for specific performance, that he was chargeable with interest on the purchase money from the time when he ceased to pay rent to the date of a decree therefor.

BILL IN EQUITY, filed in the Superior Court, on November 5, 1887, against Samuel G. Bryer and his wife, Susan C. Bryer, for specific performance of their agreement for the sale of land owned by her, which agreement was contained in a lease thereof made by them to the plaintiff. Hearing before *Mason,* J., who, on October 16, 1889, ordered a decree for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*B. N. Johnson,* for the defendants.

*W. H. Niles & G. J. Carr,* for the plaintiff.

DEVENS, J. The only exceptions insisted on are to the refusals of the court to rule that the bill could not be maintained upon the evidence ; and that, if entitled to a conveyance, the plaintiff is obliged to pay interest on the money tendered from the time of the tender.

It is contended that the description of the premises in the contract is indefinite, and is not aided by evidence. The description is of a "one and one half story frame dwelling-house,

with barn and outbuildings, and all land now being used in connection therewith, being about seven acres, more or less, situated on Central Street, in Saugus Centre, in said county of Essex." In the bill the premises are particularly described, with the allegation that they are the same as those described in the agreement by the words which are set forth above. The answer does not deny this. The evidence with regard to the occupation and the tender refers to the premises described in the agreement. We see no ground for this objection.

The agreement to convey is inserted as one of the provisions of a lease of the premises from the defendants to the plaintiff, and the defendants contend that the plaintiff lost his right to a conveyance by breaking covenants of the lease not to commit waste, and not to underlet the premises. The evidence was, in substance, that the plaintiff cut down trees of little value on the leased premises, and, being unmarried, allowed a family with which he lived to occupy the premises without paying any rent. The court might well have found upon the evidence that there had been no substantial breach of covenant by the plaintiff. It could not have found on the evidence that there was any breach of covenant or condition of which the defendants could avail themselves after tender of payment by the plaintiff under the agreement. The whole evidence showed that the plaintiff was entitled to relief.

The remaining exception is to the refusal of the court to add interest to the fifteen hundred dollars, to be paid by the plaintiff upon specific performance by the defendants of their contract by a conveyance of the premises. The lease of the premises from the defendants to the plaintiff was for years, and contained the following provision : " It is a condition of this lease that said lessee shall have the right to purchase said premises any time within three years from date hereof for the sum of fifteen hundred dollars." The lease was dated October 29, 1884, and on October 27, 1887, the plaintiff, according to his own testimony, " offered and tendered " to the defendant Mrs. Bryer the sum of fifteen hundred dollars, at Boothbay, in the State of Maine, and demanded a conveyance of the premises described, which the defendants refused, and that " thereupon the plaintiff deposited said sum of fifteen hundred dollars to his own credit in a bank

near said Boothbay," where the defendants were then residing, and where said money remained a week or so, and was afterwards sent to him by express to Lynn, Mass., according to his directions. The plaintiff further testified, that shortly after making such tender he invested said fifteen hundred dollars in his business, and that while in his business and other investments he had said amount of fifteen hundred dollars, so that he could have paid said sum to the defendants for a conveyance of said real estate whenever they should see fit to make such conveyance, or in case of a decree in his favor, still he had not deposited, or set apart, or paid into court said sum of fifteen hundred dollars, or placed said sum in any way at the disposal of the defendants. Although the plaintiff has been in possession of the premises up to the time of the decree rendered, he has paid no rent since November 1, 1887, and has enjoyed the rents and profits since that time. He claims the right so to do without any accounting therefor, and also to be entitled to a conveyance on payment of the sum of fifteen hundred dollars, without any interest thereon. What the value of these rents and profits may be does not clearly appear, but it may fairly be assumed that they exceed the amount of legal interest on fifteen hundred dollars, as the rent of the premises reserved in the lease was one hundred dollars a year, and the plaintiff had made improvements thereon which rendered them more valuable for the uses to which he put them.

The question whether a vendee, who has complied with his contract for the purchase of a parcel of real estate in offering to pay the purchase money at the time fixed therefor, is entitled to the rents and profits thereof, may arise in two ways, — where he is not in possession of the premises, and where, as in the case at bar, he is in possession ; but in either case, if he elects to treat the premises, and thus the rents and profits, as his own, it would not seem reasonable that he should treat the purchase money also as his own, deal with it as such, derive a profit therefrom, and still be permitted to deny the claim for interest thereon. Even if he holds himself ready to obtain and pay the money when a conveyance is tendered, if he desires a decree which shall treat the land as his as of the date of the day when he made his offer of payment, the money should be treated as belonging

to the vendor as of the same date. The vendee cannot be entitled to the use both of the land and of the money which is the consideration to be paid for it. "The act of taking possession," it is said in 2 Sugd. Vend. (8th Am. ed.) 317, "is an implied agreement to pay interest; for so absurd an agreement as that the purchaser was to receive the rents to which he had no legal title, and the vendor was not to have interest, as he had no legal title to the money, could never be implied." *Fludyer* v. *Cocker*, 12 Ves. 25.

To the rule that the vendee must continue to pay interest, if he receives the rents and profits, there is probably an exception where the money which the vendee is to pay has been set aside and appropriated for the vendor, and he has been notified of this, knows that the money is drawing no interest, and is at his own disposal. "But even if a purchaser gave such notice, yet if the money was not actually and *bona fide* appropriated for the purchase, or the purchaser derived the least advantage from it, or in any manner made use of it, the court would compel him to pay interest." 2 Sugd. Vend. (8th Am. ed.) 316. *Dyson* v. *Hornby*, 4 DeG. & Sm. 481. In *Powell* v. *Martyr*, 8 Ves. 146, it is said by the Master of the Rolls, Sir William Grant: "The rule is perfectly clear, and perfectly reasonable; that if a purchaser is let into possession and perception of the rents and profits, he shall pay interest for his purchase money"; and in that case it was held that, to excuse a purchaser from paying interest during the delay in clearing difficulties as to the title, it is not sufficient that the money was appropriated and unproductive, but the vendor must have notice of that. The English authorities establish the rule, that, even if the vendor is in fault, if the vendee would escape the liability to pay interest he must actually set aside the money and appropriate it for the vendor, must not in any way derive a benefit from it, and must notify the vendor of these facts, and that the money is thus lying idle. *Calcraft* v. *Roebuck*, 1 Ves. Jr. 221. *Powell* v. *Martyr*, 8 Ves. 146. *Roberts* v. *Massey*, 13 Ves. 561. *Dyson* v. *Hornby*, 4 DeG. & Sm. 481. *Kershaw* v. *Kershaw*, L. R. 9 Eq. 56. *Regent's Canal Co.* v. *Ware*, 23 Beav. 575. This rule is also sustained by many American authorities. *Brockenbrough* v. *Blythe*, 3 Leigh, 619, 638. *Selden* v. *James*, 6 Rand. 465. *Walker* v. *Ogden*,

1 Dana, 247. *Baxter* v. *Brand*, 6 Dana, 296. *Rutledge* v. *Smith*, 1 M'Cord Ch. 399. *Hunter* v. *Bales*, 24 Ind. 299. *Hundley* v. *Lyons*, 5 Munford, 342. *Stevenson* v. *Maxwell*, 3 Comst. 408. This precise question has not been decided in this Commonwealth, but two cases go far to settle it. In *Davis* v. *Parker*, 14 Allen, 94, it was held that, if one who has agreed to convey land for a certain price refuses to accept that price when duly tendered, he will not be entitled to receive interest thereon upon the entry of a decree in equity for a specific performance by him of his agreement, unless he can show that the purchaser has made use of the money, or gained some advantage from it, of which that case afforded no evidence. In *Davis* v. *Parker*, the purchaser had not entered upon the land, which was timber land. Whether the timber had derived benefit from the delay in cutting, or otherwise, was in dispute, — a question which the court declined to discuss, as no evidence of any use by the purchaser of the money after his offer had been offered.

*Eastman* v. *Simpson*, 139 Mass. 348, presents the question now discussed, although inversely. It was a case where the obligor of a bond for the sale of certain premises, who was thus in the position of a vendor, had remained in possession, and the question arose, upon a bill brought by the plaintiff, representing the obligee, who was entitled on certain terms to a conveyance, and who claimed to have made a sufficient tender to entitle him thereto, whether interest should be allowed in favor of the defendant on the sum which the plaintiff, as vendee, was bound to pay. The defendant had been charged with the rents and profits of the estate from the time when it was his duty to convey. An examination of the papers in the case shows that in the first report of the master, to whom the matter had been referred for an accounting, he had calculated interest on the sum to be paid by the vendee only up to the time of filing the bill. The case was recommitted, with an order to cast the interest on the sum to be paid by the vendee up to the date of the decree, which was done in a supplementary report. Upon this report and the computation so made a decree was entered, which was the decree appealed from in the case as reported. The opinion of the court, in terms, deals only with the question whether interest should be cast in favor of the defendant from

the date of the alleged tender to that of filing the bill, a considerable time having intervened, and holds that it should be so cast. The reasoning which follows this statement of the question justifies this charge of interest up to the date of the decree. It proceeds upon the theory, that, as the plaintiff was to recover the rents and profits of the estate from the date of the tender to the date of the decree, and the property was thus treated as that of the plaintiff from the date of the tender, it was right that as against the plaintiff the defendant should be allowed interest on the sum he was entitled to have then received. No money had been set aside or kept by the plaintiff for the defendant. This interest was allowed, in the words of the opinion, not "on the footing of the contract, but as a corollary of crediting the plaintiffs with the rents and profits." The decree appealed from, which included interest in favor of the defendant on the sum to be paid up to the date of the decree, with the exception of a clerical error having no connection with the subject we are considering, was affirmed. This case is, therefore, a direct authority for the proposition, that, where a vendor has remained in possession after an offer or tender of payment to him, he is to be charged with the rents and profits of the premises from the time when it was his duty to convey, but that the vendee is to pay interest on the sum to be paid by him, he not having set aside this sum for the vendor. It would seem to be equally an authority for the proposition, that, when the vendee obtains the possession and thus enjoys the rents and profits to the date of the decree, he must pay interest to the vendor to the same date on the sum which it is his duty to pay, unless he shall have set aside that sum for the vendor.

In the case at bar, the question whether it would be the duty of the vendor to show that the vendee had used the money tendered, or whether it would be the duty of the vendee to show that he had not, but had set it completely aside, upon which there has apparently been some difference of opinion, does not arise. According to the plaintiff's own statement, he deposited the sum tendered in a bank near Boothbay, in which place the defendant Mrs. Bryer resided. But he deposited it in his own name, nor did he, so far as appears, give any notice of such deposit to her, or put her in any such position that she could

have obtained the money on making the conveyance. In a few days he removed it, and has since employed it in his own business. While he had this sum of fifteen hundred dollars in his business and other investments, and could have paid it at any time to the defendants on their making a conveyance, and held himself prepared to do so, no sum was deposited, or set apart, or placed at the disposal of the defendants. While, therefore, he was of sufficient financial ability to pay the fifteen hundred dollars at any time, the sum was treated as his own, and dealt with by him as such. So long as he did this there is every reason why he should pay the interest upon it from November 1, 1887, when he ceased to hold as lessee, as money due from him to the defendants, he having enjoyed the rents and profits of the estate while he thus used it. It would be difficult, probably impossible, to determine how much interest or profit has been made by the plaintiff from the use of the money. Having treated the sum as his own, it is a reasonable rule to adopt the rate of interest which the law has fixed, when none has been stipulated for. The decree should, therefore, be modified by requiring the plaintiff to pay interest on the sum of fifteen hundred dollars from November 1, 1887, to the date of the decree, on specific performance by the defendants of their agreement to convey. On this point the                         *Exceptions are sustained.*