[Filed February 26, 1891.]

## HENRY HOEHLER *v.* A. McGLINCHY.

CONTEMPORANEOUS WRITINGS.— Two written agreements between parties about the same subject matter, made at the same time, or in close succession, are not presumed to be contradictory, but the intention to change the terms of one by the execution of the other must affirmatively appear.

INTEREST — CONTRACT TO PURCHASE LAND.— Facts examined and held to be inequitable for one occupying and enjoying use of land under contract to purchase the same, not to pay interest on the unpaid purchase price.

Washington county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Modified.

*Caples, Hurley & Allen,* for Appellant.

*Thomas H. Tongue,* for Respondent.

LORD, J.—This is a suit to recover seven hundred and fifty dollars and interest, based on the terms of certain contracts for the sale of land, specified in the complaint, and to forclose an alleged mortgage upon the same. The only question involved in the case is as to the payment of interest; the plaintiff claiming that he is entitled to it and the defendant denying such liability under the provisions of their contracts. The first contract provides that interest shall be paid annually at the rate of eight per cent, and that the purchase price of seven hundred and fifty dollars for the land may be paid at any time within ten years. The other contract, if it may be so called, made shortly thereafter, makes no reference to the payment of the interest, and seems to be somewhat in the nature of a memorandum. All agree that the two writings must be construed in the light of their surroundings to determine the question involved. The plaintiff's testimony is to the effect that he never agreed nor understood any change in this particular was to be made in the original contract, and that the failure to insert interest was an omission and mistake. If the contract was to have been changed in this respect it would have required some such mutual understanding between the parties; but the testimony of the defendant does not disclose that any such agreement was made, while it does indicate that the defendant understood or expected to pay interest after the second

contract was signed. There would seem to be no other explanation of his conduct in making the payment of fifty dollars as interest and in the execution of a mortgage, which, though for sundry reasons was not accepted, nevertheless provided for the payment of interest upon the purchase price. Construing these writings together in the light of surrounding circumstances, we think the intention is to charge interest, and that there is no conflict between them.

Nor does this result work any hardship. The record presents the case of a plaintiff as vendor who has delivered the possession of his property to the defendant as a purchaser at the time, or near thereto, when the original contract was made, which the defendant has continued to enjoy without molestation ever since. Nor is this all: he has not only received the rents and profits, but has also held the purchase money. It is not equity that he should keep both, nor according to the ordinary course of business transactions. Whatever labor he may have expended on the property was for his own benefit and to increase its value; and it sounds inequitable that he should enjoy the plaintiff's property during all this time for nothing. We think it is more equitable, after having been in the enjoyment of the estate, receiving its rents and profits, that the defendant should pay the interest.

The judgment, therefore, must be modified so as to allow the plaintiff interest, and neither party will recover costs and disbursements.