FRANCES OBREY, Plaintiff, *v.* EDMUND COLLINS and SARAH A. COLLINS, Defendants.

Supreme Court, Schenectady County, June, 1923.

**Vendor and purchaser — real estate — contracts — vendee in possession liable for interest on unpaid balance of purchase price.**

Where one enters into the possession of real property under a contract to purchase the same he is bound to pay interest on the unpaid balance of the purchase price, whether the land is or is not productive.

The owner of a farm subject to a mortgage for $750 prepared and signed a writing for a sale of the property to plaintiff, which stated that the purchase price was to be $3,500 to be paid at the rate of $30 per month. The owner was to deliver a deed and plaintiff who had made a down payment of $100, the receipt of which was acknowledged in the writing, was to give back a mortgage for the balance of the purchase money when the monthly payments totalled $1,000. Plaintiff entered into possession on the day the writing was signed, or soon thereafter, with knowledge of the mortgage thereon and has been in possession ever since. When she had completed her payments to the extent of $1,000, about six months before the time when they would have been completed had they been made as provided in and by the contract, she called for a deed. The question of interest on the unpaid balance and the payment of taxes having arisen, the parties did not agree concerning the matter, but a deed of the farm was prepared and signed, and the attorney for defendant told plaintiff that he would deliver the deed to her if she paid such interest, payment of taxes being waived by defendants on the trial. In an action for specific performance it appeared that the plaintiff had neither paid the taxes on the farm, which was not assessed separately from the adjoining property of the defendants, nor the interest on the $750 mortgage. It further appeared that plaintiff had not tendered a mortgage or cash for the balance of the unpaid purchase price. *Held*, that the acts of plaintiff in taking possession and of continuing in possession were the result of an agreement made either at the time the writing was given or immediately thereafter, and that such acts alone constituted an implied agreement on the part of plaintiff to pay interest on the unpaid balance of the purchase price; the defendants, therefore, are entitled to such interest.

SUIT for specific performance.

*Wemple & Peters*, for plaintiff.

*Leo W. Begley*, for defendants.

WHITMYER, J. The action is for specific performance. Defendants are husband and wife and the complaint asks that the husband be compelled to give a warranty deed of certain lands in the town of Glenville, Schenectady county, to plaintiff, under an agreement between himself and plaintiff, and that the wife be compelled to convey her inchoate right of dower therein. The agreement was made on or about June 14, 1920, and its terms and conditions were

and are set forth in a writing, prepared and signed by the husband, as follows:

"Schenectady, N. Y., *June* 14, 1920.

"Received of Frances Obrey one hundred ($100.00) Dollars to apply on contract for 11¼ acres in the town of Glenville and known as the Sturges farm. Purchase price to be $3500.00 three thousand five hundred dollars payment to be made on the 14th of each month at the rate of $30.00 thirty dollars per month. On completion of payments to the amount of one thousand $1000.00 said E. Collins to deliver deed of property and said Frances Obrey to give mortgage for balance of purchase price. This contract to become void at option of E. Collins in case of non-payment of above payments.

"Edmund Collins."

Plaintiff took possession on that day, or soon thereafter, and has been in possession ever since. The property was subject to a mortgage for $750, and she knew it. The mortgage has not been reduced. At that time the husband owned the adjoining property, and on October 25, 1920, he conveyed all, including the property in suit, to his wife, by a deed, which was recorded on that day. No change was made in the assessment, but it was assessed as a whole, as before. After taking possession, plaintiff paid various amounts, at various times, sometimes to the husband, at other times to the wife, and obtained a receipt for each payment. Each receipt stated that the payment was to apply on the contract, except the one of January 15, 1921, for $30, which stated that it was to "apply on contract in full to date." She did not pay the interest on the mortgage. She testified that nothing was said about "interest on that mortgage." And she did not pay the taxes. Defendants, or one of them, paid both interest and taxes. On July 5, 1922, she paid $180, making a total of $1,000, and she asked for a deed. Then the question of interest on the unpaid balance and the payment of the taxes on the property arose, and plaintiff claimed, in effect, that the interest was not mentioned to her, while defendants claimed that both were to be computed when the payments totalled $1,000, and when the deed was to be given, and were to be included in the mortgage, which was to be given. And the evidence is to the effect that a deed was prepared and signed and that the attorney for defendants told plaintiff that he would deliver it to her if she paid. And it is also to the effect that she did not and has not tendered a mortgage or cash for the balance of the purchase price. It will be observed (1) that the complaint asks for a warranty deed, but that the writing does not specify the kind; (2) that it asks that the husband be required to give the deed, and that the wife be required to convey her inchoate right of dower, although

she did not sign the writing and although she obtained title before and had it at the time of the commencement of the action and has it now; (3) that the writing is silent about the terms and conditions of the mortgage which was to be given; (4) silent about the mortgage on the property; (5) silent about taxes; (6) silent about interest on the unpaid balance, and (7) silent about possession. And, if defendants insisted upon these objections, it would be impossible to decree performance and further consideration would be useless. But (1) a quitclaim deed is as effective as a warranty deed, if the title is not defective (*Wallach* v. *Riverside Bank*, 206 N. Y. 434, 438); (2) the wife stipulated, on the trial, to convey upon the terms fixed by the court; (3) plaintiff stipulated to pay the balance found to be due in cash; (4) the purchase price of the land was to be $3,500, and the law implies that plaintiff was to receive a good title, free and clear of incumbrance (*Wallach* v. *Riverside Bank*, *supra*, 434, 437), and (5) the property was not assessed separately from the other adjoining property of defendants, so that it is impossible to determine the amount of the taxes paid by defendants on the property in suit, and it must be deemed that they have waived same and they so stated on the trial. Thus, the questions of plaintiff's liability, if any, for interest on the unpaid balance and the effect upon it of her possession and occupancy of the land remain. It is the general rule, both in law and in equity, that interest can be allowed only by virtue of some contract, expressed or implied, or by virtue of some statute, or because of a default in payment, in which case it is allowed as damages for the default. *Woerz* v. *Schumacher*, 161 N. Y. 530, 534. But the rule is not without some exceptions, where the right to interest may be implied, although the contract does not expressly provide for it. *Woerz* v. *Schumacher*, *supra*, 534. One is the case where a vendee in a contract for the purchase of real estate takes possession of the property under his contract, without having paid the purchase money. In such a case, he is bound to pay interest, whether the land is or is not productive. "By taking possession" he "proceeds upon the supposition that the contract will be executed, and, therefore, agrees from that day he will treat it as executed. The act of taking possession is an implied agreement to pay interest." *Stevenson* v. *Maxwell*, 2 N. Y. 408, 415, 416. The writer, in the case cited, quotes from Sugden, who says: "it must be a strong case, clearly made out, in which a purchaser shall not pay interest where he has received the rents and profits." Here, under the writing, the "purchase price" was the sum of $3,500, which was to be paid at the rate of $30 per month, and the owner was to deliver a deed and plaintiff was to give back a mortgage for "balance of purchase

price " when the payments totalled the sum of $1,000.   She paid $100 down and, while it is true that the land was not separately assessed and that she did not pay the taxes or the interest on the mortgage which was on the property, nevertheless, she took possession and completed her payments to the extent of $1,000 about six months before the time when they would have been completed, if they had been made as provided by the contract.   And if it is true that the failure to provide for interest and the provision that a mortgage was to be given for " balance of purchase price " tend to show that the agreement did not contemplate the payment of interest,, it is equally true that the acts of taking possession and of continuing in possession were the result of an agreement, which was made either at the time when the writing was given or immediately thereafter and that those acts alone, under the facts in evidence, constitute an implied agreement on plaintiff's part to pay interest. Further, in a writing so incomplete on its face as is this one, oral evidence is competent to supply omissions.   It is true the parties do not agree about the matter, but it presents a question of fact, which should be found in favor of defendants.   The receipt of January 15, 1921, for $30, " to apply on contract in full to date," does not show that defendants understood the matter differently, because an examination of it, in connection with those which were given before, shows that it was intended to cover only the monthly payments to that date.   A conclusion other than the one which had been reached would be inequitable.   Finally, it is a case where costs should not be granted.   *Stevenson* **v.** *Maxwell, supra.* Findings accordingly.

Judgment accordingly