Submitted on briefs June 22, affirmed July 6, 1926.

SECURITY SAVINGS & TRUST CO. *v.* JOHN LATTA.

(247 Pac. 777.)

**Vendor and Purchaser—Abstract not Showing Outstanding Interests had Been Foreclosed, Purchaser Held Justified in Refusing Deed Without Covenants of Warranty from Vendor Bound to Convey Marketable Title.**

1. Where abstract of title to property sold failed to show that interests of defaulting purchasers of small tracts of land had been foreclosed, purchaser was justified in refusing to accept deed which by contract was without covenants of warranty, where vendor was bound to convey good and marketable title.

Vendor and Purchaser—Generally, Vendee in Possession Under Executory Contract, Enjoying Rents and Profits of Land, is Liable for Interest on Purchase Price, Though Vendor is Unable to Convey Good Title.

2. In absence of contract or superior equities to the contrary, vendee taking possession of realty under executory contract, and enjoying rents and profits of land, is liable to pay interest on purchase price, though vendor is unable to convey good and marketable title at time contemplated.

Vendor and Purchaser—Contract Stipulating Manner of Paying interest on Purchase Price Controls Over Rule Requiring Vendee Enjoying Profits of Land to Pay Interest.

3. Contract stipulating manner of payment of interest on purchase price by vendee is controlling .over general equity rule requiring vendee in possession 'enjoying rents and profits of land to pay interest.

Vendor and Purchaser—Contract Relieving Purchaser from Payment of Interest on Purchase Price Until Delivery of Deed is Valid.

4. Contract, providing that purchaser shall enjoy rents and profits of land accruing from possession and be relieved of payment of interest on purchase price until execution and delivery of deed, is valid.

Vendor and Purchaser—Purchaser, Though Receiving Rents and Profits of Land, Held Relieved by Contract from Payment of Interest on Purchase Price Until Delivery of Deed.

5. Under contract giving purchaser right of possession and providing for execution of notes for balance of purchase price with interest from date, on delivery of deed conveying marketable title, purchaser, though receiving rents and profits, was relieved from payment of interest during time vendor was removing purchaser's objections to the title.

Vendor and Purchaser, 39 Cyc., p. 1446, n. 5, p. 1452, n. 49, p. 1454, n. 53, p. 1572, n. 43, 44, 45, 46.

From Multnomah: JAMES U. CAMPBELL, Judge.

In Banc.

The Security Savings and Trust Company, as trustee with power to convey, on July 17, 1919, contracted to sell and defendant agreed to buy approximately 540 acres of land, together with certain personal property, near Lewiston, Idaho, for $105,000, to be paid in manner following:

2. See 27 R. C. L. 537.

"$1,000 upon execution of the agreement;

"$29,000 in cash upon execution and delivery of a deed of conveyance and a bill of sale * * ; and at the same time the party of the second part (defendant) to execute and deliver to party of the first part (plaintiff) three promissory notes aggregating the sum of $75,000."

These notes, which were secured by mortgage on the real property, were payable one, two and three years, respectively, from date, "with interest thereon from date at the rate of six per cent per annum." Conveyance was to be made by a "good and sufficient deed without covenant of warranty either express or implied." It was further agreed that the vendor, within twenty days from date of contract, should furnish to the purchaser a complete abstract of title and that the latter should have fifteen days thereafter in which to make any objections to the title. If such objections were made, the vendor was to have sixty days in which to correct the defects, and in the event of its failure so to do, the contract terminated and the earnest-money was to be repaid to defendant.

It was also stipulated that upon execution of the agreement and payment of $1,000, the purchaser was entitled to immediate possession.

Defendant made the initial payment and since that time, by virtue of the contract, has been in continuous and uninterrupted possession. On November 20, 1919, plaintiff tendered to him a deed and bill of sale in due form for the property in question, but, on account of objections to the title, he refused to make the payment of $29,000, or to execute the notes above specified. The parties, being desirous of consummating the deal, entered into a supplemental agreement on January 20, 1920, which, so far as material herein,

118 Or.—36

provided that the plaintiff, without conceding the objections to be tenable, agreed to bring suit to quiet title. Pursuant to this agreement such suit was instituted and a decree in favor of plaintiff was obtained on July 10, 1920, in accordance with the prayer of its complaint.

On October 30, 1920, plaintiff, at the special instance and request of defendant, executed and delivered to one Patullo a good and sufficient deed and bill of sale for use and benefit of defendant, who thereupon paid to plaintiff the sum of $29,000, and caused Patullo to execute and deliver the notes and mortgage as provided by the contract. A dispute arose relative to the question of interest on the $104,000. Plaintiff contended that, since defendant had possession of the property and had enjoyed its rents and profits, it was entitled to interest on the purchase money from the time defendant took possession until October 30, 1920, when the deal was finally closed. Defendant claimed then, as now, that no interest was due under the contract, and that the equities of the case, as hereinafter mentioned, do not permit plaintiff to invoke the general rule that a vendee in possession under an executory contract is not entitled to beneficial use of the land and the purchase money also. Notwithstanding this controversy over interest, the parties were still intent upon carrying out their contract, and therefore entered into another supplemental agreement on October 20, 1920, to the effect that the rights of neither party, relative to accrued interest on balance of purchase price, should be prejudiced by reason of the delivery and acceptance of the deed and bill of sale or of the notes and mortgage. It was also stipulated, in the event the parties could not adjust the matter of interest by agreement, that the vendor, if it so desired, would institute proceed-

ings in the Circuit Court of the State of Oregon for Multnomah County, to collect interest claimed to be due, and that no objection would be made to the jurisdiction of that court. The parties being unable to adjust the matter, suit was commenced to collect interest on the balance of the purchase price, $104,000, at the rate of six per cent per annum from July 17, 1919—date when vendee went into possession—to October 20, 1920. Defendant by answer and counterclaim sought recovery of $4,704.97 and interest thereon for the alleged reason that such sum represented the net loss sustained while in possession of the property. In other words, defendant asserts that he paid out this amount over and above the rents and profits. The trial court decreed that neither plaintiff nor defendant was entitled to recover and therefore dismissed the suit. Plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. John H. Hall.*

For respondent there was a brief over the name of *Messrs. Teal, Winfree, Johnson & McCulloch.*

BELT, J.—1. As we construe this contract, the plaintiff was bound to convey a good and marketable title. This it was unable to do until decree of court was obtained foreclosing interests of third persons to the real property in question. The objections made by defendant were not captious or unreasonable. Plaintiff's predecessors in interest had entered into contracts with numerous purchasers of small tracts included within the boundaries of the property sold to defendant. Many of these purchasers made partial payments and then abandoned their contracts, but

the abstract of title failed to disclose that their interests, if any they had, were foreclosed. In view of the fact that plaintiff's deed was "without covenants of warranty express or implied," it behooved defendant to exercise due caution. At the time the deed was tendered, November 20, 1919, the abstract of title disclosed actual or apparent defects which would cause a person of ordinary prudence and caution to hesitate in making the purchase. Defendant was not obliged to accept a title which might reasonably be expected to involve him in litigation. If plaintiff had not been doubtful of its title, the proceedings to foreclose any outstanding interests would not likely have been instituted. If defendant's objections were unreasonable and not in good faith, a suit for specific performance would have given plaintiff complete and adequate relief. We believe that defendant was justified in refusing to accept the deed tendered in the first instance.

2. In the absence of contract determining the payment of interest or where superior equities do not dictate to the contrary, it is uniformly held that a vendee, who takes possession of real property under an executory contract and enjoys the rents and profits of the land, is liable to pay interest on the purchase price, even though the vendor is unable to convey a good and marketable title at the time contemplated. Ordinarily it is deemed inequitable that a purchaser should enjoy the benefit of possession without liability for interest: *Livesley* v. *Muckle,* 46 Or. 420 (80 Pac. 901); *Hoehler* v. *McGlinchy,* 20 Or. 360 (25 Pac. 1067); *Hoard* v. *Huntinton Ry. Co.,* 59 W. Va. 91 (53 S. E. 278, 8 Ann. Cas. 929, and note); *Sanders* v. *Bryer,* 152 Mass. 141 (25 N. E. 86, 9 L. R. A. 255); *In re Estate of Blair,* 178 Pa. St. 582 (36 Atl. 179);

*Obrey* v. *Collins et ux.,* 121 Misc. Rep. 93 (200 N. Y. Supp. 175); 39 Cyc. 1572; 27 R. C. L. 537.

3. While the above general rule of equity is well established, it does not prevail over the contractual rights of the parties in reference to the payment of interest. The law will not imply an obligation to pay interest where there is a stipulation determining such matter. The contract is controlling either in law or equity. Parties unquestionably have the right to stipulate when and in what manner interest will be paid. If the contract is silent on the subject then, under certain circumstances, the law will imply an obligation on the part of the purchaser in possession to account to the equitable owner for the use of the purchase money.

4, 5. Let us look to the contract. Defendant, in the original and supplementary agreements, was expressly given the right of possession. After payment of the $1,000, nothing was due until plaintiff had executed and delivered a deed conveying a good and marketable title. When this was done defendant was obliged to make additional payment of $29,000 and "at the same time" to execute and deliver the three notes payable one, two and three years from date, "with interest thereon from date at the rate of 6 per cent per annum." In view of these stipulations can it be said that the parties did not agree when interest should accrue? If they did agree in reference thereto, shall we invoke a general rule in equity to defeat such agreement? We think not. It was proper for plaintiff to agree, if it saw fit, to give defendant the right to enjoy whatever rents and profits might accrue from possession of the property and to relieve him of the payment of interest until the execution and delivery

of a deed. There is nothing unconscionable about such an agreement.

Referring to the rule for which appellant contends, the court in *Sale et al.* v. *Swann,* 138 Va. 198 (120 S. E. 870), said:

"We do not understand, however, that this rule can be extended and applied to determine such a question when the parties have by their contract expressly determined their own rights as to interest."

In 27 R. C. L. 537 it is said:

"Unless it is otherwise stipulated in the contract the unpaid purchase money does not draw interest before the stipulated time for its payment, though the purchaser is given possession."

In *Minard* v. *Beans,* 64 Pa. St. 411, the court stated:

"There is a class of cases where interest is always charged on money due, although not payable, by a vendee. For instance, where the purchase money is payable at a certain time, and the deed is to be made at the same time. If the vendor cannot make title at the time appointed for the payment of the purchase money and the vendee retains possession, he must pay interest as a compensation for the profits he is receiving during the vendor's inability to make title * * . But even here the money must be due."

The cases cited by appellant belong to that class, as clearly recognized in *Re Howell's Estate,* 224 Pa. 415 (73 Atl. 445), wherein there is a certain time appointed for the delivery of the deed, and payment of the purchase price, but the vendee in possession fails to receive his deed at the stipulated time on account of default of vendor. As stated in the case last cited:

"In these instances the purchase money is legally 'due' by the terms of the vendee's covenant at the day set for payment. Although he gets no deed imme-

diately he has an equitable title in the land, and continued undisturbed possession of it makes him responsible for the interest from that date, provided the vendor is vigilant in removing the disability, and the vendee has not kept his money uninvested and unproductive, but appropriated to this anticipated and future payment.''

*Hoehler* v. *McGlinchy, supra,* and *Livesley* v. *Muckle, supra,* merely state the general rule and are not controlling in a case where the parties have expressly declared when the interest shall be payable.

In the instant case had it been stipulated the $29,000 was due on November 20, 1920, at which time the vendor was to deliver the deed, then plaintiff might invoke the equitable rule for which it contends, assuming there were no superior equities to preclude its application.

In view of the conclusion reached that the contract of the parties expressly controls the payment of interest, it is not necessary to consider respondent's contention that the general rule in equity above mentioned does not apply when the expenditures exceed the rents and profits.

The decree of the lower court is affirmed. Neither party will recover costs and disbursements.

                                    AFFIRMED.