# Nettleton v. Caryl.

*Interest—Contract for sale of land—Accompanied by possession in vendee —Deferred payments of purchase money.*

The general rule that interest is not demandable of right until the debt is due, except in pursuance of the terms of an express contract applies where a contract of sale of land is made with future payments at stipulated times accompanied with present possession by the vendee; there being no contract for payment of interest while the instalments were running to maturity.

Argued Jan. 11, 1900. Appeal, No. 3, Jan. T., 1900, by defendant, in suit of F. E. Nettleton against J. D. Caryl, from decree of C. P. Lackawanna Co., May T., 1897, No. 861, discharging rule to open the judgment on confession contained in an agreement for sale of real estate. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by RICE, P. J.

444 NETTLETON *v*. CARYL.

Statement of Facts—Opinion of Court below.    [14 Pa. Superior Ct.

Rule to open judgment on confession contained in agreement for sale of real estate.    Before ARCHBALD, P. J.

It appears from the record and evidence that the plaintiff, F. E. Nettleton, sold to the defendant, Josiah D. Caryl, a vacant lot in the city of Scranton, by agreement in writing dated January 29, 1891, for $3,500, payable in annual instalments of $500 each.

It provided that the purchaser should have possession from the date of the agreement and did not call for interest.

Caryl paid the instalments at or about the times they came due, except the last one of $300, which came due in 1897. This he tendered to plaintiff when due and asked for his deed, accompanying it with $8.00 to cover any interest that might be claimed because some of the instalments had gone a few days past the time before being paid.

Plaintiff refused to except the money or to give a deed and demanded interest on the purchase money from the time of sale, entered judgment on the confession in the agreement for $1,071.06 and issued execution.

On August 16, 1897, the court made absolute rule to open judgment and left defendant into a defense, directing an issue, filing the following opinion :

No fraud, accident or mutual mistake is shown and the written memorandum of the contract executed by the parties is therefore the best evidence of it and the one which must prevail here.    It is not sufficient that the plaintiff may have intended to exact interest on the purchase price of the land from the date of the sale ; no bargain to that effect appears and without it his undisclosed intention amounts to nothing.    Nor is the defendant bound by the memorandum given to Mr. Jadwin, the agent who made the sale, unless he agreed to it, and that has not been proved.    Mr. Jadwin it is true states that he must have bargained for interest because he never made a sale in any other way, but this is a generalization of the most sweeping kind, which can hardly pass as proof on which to reform the contract as it has been written.    The defendant's letter is the strongest piece of evidence against him and if there was anything else by which to charge him it might be conclusive. But it is not in itself an agreement to pay interest and in the

443, (1900).] Opinion of Court below—Opinion of the Court.

absence of one it does not advance us very far. Taking the case as it stands the judgment must be opened. At the trial the plaintiff will be entitled to any further evidence which he has at hand. Care will have to be taken to so declare that he can give evidence in reformation of the contract if he finds himself able to produce any which will be sufficient to do so.

The rule is made absolute and an issue awarded to be made up by the plaintiff declaring in assumpsit upon the contract for so much money due and owing by the defendant thereon, the defendant pleading non assumpsit, payment, and payment with leave thereto.

On December 21, 1898, the rule to open judgment heretofore made absolute was discharged and the issue awarded recalled. Defendant appealed.

*Error assigned* was in refusing to open the judgment.

*J. W. Carpenter*, with him *C. S. Woodruff*, for appellant.—We submit that the utmost that can be said of any of the authorities cited and relied upon by the court below is that they hold that where a purchaser has taken possession without right, or has held possession without payment of purchase money after it has become due he must pay interest: Lang v. Moole, 31 N. J. Eq. 413; Drake v. Barton, 18 Minn. 414; Fasholt v. Reed, 16 S. & R. 266.

On the other hand we feel very certain that the true rule for the decision of this case is established in Minard v. Beans, 64 Pa. 411, and McKennan v. Sterrett, 6 Watts, 162.

*William A. Wilcox*, for appellee.—The rule of law for which we contend is not a technical one, but is founded on equity. The purchaser who has possession is entitled to the rents and profits, and in the absence of an agreement should pay interest: Birch v. Joy, 3 H. L. Cas. 565; Lang v. Moole, 31 N. J. Eq. 413; Kester v. Rockel, 2 W. & S. 365; McCormick v. Crall, 6 Watts, 207; Fludyer v. Cocker, 12 Vesey, Jr. 25; Ballard v. Shutt, 15 Ch. Div. 122.

OPINION BY RICE, P. J., July 26, 1900:

It is contended that where the vendee of land is put into

possession he must pay interest on the purchase money whether the articles call for it or not. It is not to be denied that expressions can be found in text books and reports, which, read by themselves and apart from the facts of the cases in which they are used, would seem to sustain this contention. But a careful examination of the Pennsylvania cases cited in support of the proposition (Fasholt v. Reed, 16 S. & R. 266; McCormick v. Crall, 6 W. 207; Kester v. Rockel, 2 W. & S. 365) fails to show that this is an invariable rule; whilst the cases bearing directly upon the question as it is raised on this appeal show conclusively, that it does not apply where by the express terms of the contract the vendor is to have the rents, issues and profits up to a certain date and the vendee is given the right of immediate possession after said date, and instalments of the purchase money are made payable at a future day. In such cases, if the contract is silent on the subject, the ordinary rule applies, that interest does not begin to run until the debt is due.

The point actually decided in Fasholt v. Reed was, that a vendee of land in possession is obliged to pay interest, from the time the purchase money becomes due unless he tenders the same and demands his title or gives notice that the money is ready. "The mere fact that his deed was not made at the time agreed on does not stop the interest."

In McCormick v. Crall the general rule was stated to be, "that if lands are sold by articles and the vendee enters into possession, he must pay interest, though the deed was not made at the time required, yet this is not universally so. There are cases where it may be left to the jury to say whether the plaintiff shall recover interest; as where there has been wilful and vexatious delay, or gross laches in the vendor, in consequence of which the money lies unproductive." The matter alleged as error was the submission of the question of interest to the jury, but as they found in the defendant's favor upon that question, and as the Supreme Court held that no error was committed in submitting it to them, the question as to his liability for interest before the purchase money became due did not necessarily arise.

In Kester v. Rockel, the question was whether the defendant was bound to pay interest on the deferred instalments. He

contended that there was such gross laches on the part of the heirs in not having an administrator appointed to whom the money could be paid as to make the question of interest one for the jury. This view was sustained by the Supreme Court, but it does not distinctly appear from the report of the case that there was any attempt to recover interest on the instalments before they became due. The fair inference is that the ruling related to interest on the instalments after they became due by the terms of the contract.

As to the general proposition that the mere fact, without more, that the deed was not made at the time agreed on does not "stop" the interest, the vendee being in possession, there can, of course, be no dispute. Nor is it necessary to discuss the proposition asserted in some of the authorities, that the vendee is liable for interest, if the contract contains no provision as to possession or interest and he enters without right before the time agreed on for the consummation of the contract by delivery of deed. In such a case the profits of the land, presumably, are equal to the interest on the purchase money, and as he has no right to the profits it is equitable, at least, that he should pay interest. This equity is sometimes worked out by implying an agreement on his part to treat the contract as if it was executed, and to pay interest; "for so absurd an agreement as that the purchaser is to receive the rents and profits to which he has no legal title, and the vendor is not to have interest, as he has no legal title to the money, can never be implied:" Fludyer v. Cocker, 12 Ves. Jr. 25. See also Lang v. Moole, 31 N. J. Eq. 413, Stevenson v. Maxwell, 2 N. Y. 408, and cases collected in Atchison, etc., R. R. Co. v. Chicago, etc., R. R. Co., 162 Ill. 632; 35 L. R. A. 167, 175. But where the contract expressly provides that he shall have immediate possession of the land, and that the purchase money shall not be due and payable until a future day, and is silent upon the subject of interest, no such equitable consideration enters into the case, and we understand the law to be, that he is not chargeable with interest until the debt is due. This point was expressly ruled in the two cases cited in the defendant's brief.

In articles of agreement for the purchase and sale of land, the vendee agreed to pay one half the purchase money as soon as the vendor made him a title for the land and the remaining

half in three equal annual instalments, the vendee to have immediate possession. The question was, whether the plaintiff was entitled to recover interest upon the purchase money from the time he took possession of the land, in 1815, or only from 1834 when the title was tendered and the purchase money became payable. ROGERS, J., delivering the opinion of the court, after remarking that it is a general principle that interest is not demandable of right until the debt is due, except in pursuance of the terms of an express contract, said: " But the argument is, that the vendee took possession, and as he enjoys the profits, he ought to pay interest. And this is true in ordinary cases, where a time is fixed for the payment of the purchase money; but the right to take immediate possession was part of the contract, and the vendee's having taken the possession cannot affect the construction of that clause in the agreement on which the debt is only recoverable after a clear title is made." Hence it was held that interest was only demandable from the time of the tender of the title, i. e., from the time fixed for payment of the purchase money, and that the remaining half of the purchase money, payable in three yearly payments, were due annually after that period: McKennan v. Sterrett, 6 W. 162.

In Minard v. Beans, 64 Pa. 411, the question was, whether or not the vendee was liable for interest between the date of his taking possession and October 1, 1868, the date fixed by the contract for the delivery of mortgage for balance of purchase money, all intermediate instalments having been paid promptly when due. Chief Justice THOMPSON, after remarking that interest as a general, if not universal, rule, is never demandable until money is due, that it is generally defined as compensation allowed to the creditor for delay of payment by the debtor, and that it is completely due wherever a liquidated sum of money is unjustly withheld, said: " There was no express contract for the payment of interest up to October 1, 1868. That is certain. Where is the principle that implies it? There was no debt due at that time bearing interest, and no overdue debt existed. It was a mistake to imply it from possession of the property by the vendee, when no money was due or withheld. There is a class of cases where interest is always charged on money due, although not payable, by a vendee. For instance, where the purchase money is payable at a certain time, and the deed is to

be made at the same time. If the vendor cannot make title at the time appointed for the payment of the purchase money and the vendee retains possession, he must pay interest as a compensation for the profits he is receiving during the vendor's inability to make title. It would be grossly inequitable that the vendee should hold both land and money and compensate for neither. These and kindred circumstances raise an obligation to pay interest, although the purchase money is not recoverable. But even here the money must be overdue. Where it is not due, and no contract exists for its payment while running to maturity, it must be an exceptional case where it is legally demandable." This extended quotation relieves us from the necessity of further discussion. See also Lofland v. Maull, 1 Del. Chanc. 359; 12 Am. Dec. 106.

The learned judge of the court below was clearly right in his first opinion in holding, that under the law and the facts as then presented the defendant was entitled to have the judgment opened, and to be let into a defense.

The order of December 21, 1898 is reversed at the costs of the plaintiff; the order of August 16, 1897, opening the judgment and awarding an issue is reinstated; and the record is remitted to the court below with a procedendo.