## David A. DeVares, Appellee, v. Frank A. Corea, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed October 13, 1916.

### Statement of the Case.

Action of forcible entry and detainer by David A. DeVares, plaintiff, against Frank A. Corea, defendant, for the possession of land sold by the plaintiff to the defendant. From a judgment for plaintiff, defendant appeals.

On July 1, 1910, plaintiff agreed to sell to defendant and the latter agreed to buy Lot 5, Block 6, in B. S. Edwards' third addition to the City of Springfield, Illinois, for the sum of $2,100, payments to be made at the rate of $12 per month. Pursuant to said agreement, plaintiff caused his daughter to write in a book the following memorandum:

"ARTICLES OF AGREEMENTS.

"Entered into on the first day of July, 1910, between David A. DeVares of the County of Sangamon and State of Illinois, party of the first part, and Frank A. Corea of the City of Springfield, County of Sangamon and State of Illinois, party of the second part as follows:

"The said David A. DeVares, party of the first part, for the consideration hereinafter mentioned, does for

himself and for his heirs covenant and agrees with the said Frank A. Corea, party of the second part, and his heirs and assigns, by these presents, he, said party of the first part, shall and will agree to sell lot 5, block 6, in B. S. Edwards' 3rd addition to the City of Springfield, Illinois, for the sum of twenty-one hundred ($2100.00) dollars. 1910 payments to begin in July.''

Defendant took possession of the property and on July 9, 1910, made the first payment, the receipt for which is as follows:

"July 9th, 1910.

"Received of Mr. Frank Corea Twelve Dollars to apply as 1st cash payment on the Brick Flats on Clay Street.

"$12.00

"D. A. DeVares.''

Up to the time of bringing suit, defendant had paid under this contract $809.40, and as the payments were made they were credited upon the book by plaintiff. On September 10, 1915, plaintiff caused to be served upon defendant the following written demand:

"Springfield, Illinois, September 10, 1915.

"To Frank A. Corea:

"I hereby demand that you surrender to me possession of the following described real estate, situated in the City of Springfield, County of Sangamon, and State of Illinois, to wit:

"Lot Five, Block Six, in B. S. Edwards' third addition to the City of Springfield, Illinois, possession to which land was acquired by you under and by virtue of a contract executed by David A. DeVares and Frank A. Corea, and having failed and neglected to perform the conditions in said contract on your part, to be performed, your rights to the possession of real estate being thereby forfeited under said contract.

"David A. DeVares.''

E. A. Perry, for appellant.

Andrews & Trutter, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

## Abstract of the Decision.

1. Vendor and purchaser, § 68*—*when there is no obligation to pay interest on purchase price of land.* An obligation to pay interest on deferred payments of the purchase price of land cannot be read into a written contract for the sale thereof which makes no mention of interest.

2. Vendor and purchaser, § 28*—*when contract not void under Statute of Frauds.* A contract for the sale of land *held* not void under the Statute of Frauds where a memorandum of the sale stated the names of the parties, the consideration and described the land, although subscribed by neither party.

3. Vendor and purchaser, § 28*—*when memorandum of sale of land is sufficient.* A contract for the sale of land, evidenced by a memorandum of the sale stating the names of the parties, the consideration and description of the land although subscribed by neither party, *held* not void under the Statute of Frauds although the memorandum was made by another than the vendor on his parol authorization.

4. Vendor and purchaser, § 28*—*when written contract for sale of land is sufficient.* No form of language is necessary in order to determine what sort of writing is sufficient to meet with the requirements of the Statute of Frauds if only the intention can be gathered, and any kind of writing, including hasty notes or memoranda in books, papers, letters and telegrams suffice, if they contain on their face or by reference to others the names of the parties and a sufficiently explicit description of the property to render it capable of being identified, together with the terms and conditions of the contract.

5. Vendor and purchaser, § 28*—*when memorandum of contract for sale of land is sufficient.* A memorandum of a contract for the sale of land not subscribed by the parties thereto, together with a written receipt of payment of an instalment of the purchase price, signed by the vendor, *held* to constitute a valid contract for the sale of the land.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.