## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

### BARNETT, ET AL., V. CLOYD'S EX'RS.

#### September 17, 1919.

1. VENDOR AND PURCHASER—*Prior Possession by Vendee—Interest on Deferred Payments.*—Where an executory contract of sale of real estate fixes a date for the completion of the contract and is silent as to interest on unpaid purchase money and is also silent as to when possession is to be taken by the vendee, if the latter, without any new consideration therefor moving from him, takes possession prior to the completion of the contract, he must pay interest on the unpaid purchase money from the date on which he takes possession. In such case equity, in the absence of any express agreement of the parties on the subject, implies a promise on the part of the vendee to pay such interest. This is done on the ground that the vendee enters into possession and takes the rents and profits, or other benefit of the purchase, before he is entitled thereto under the contract of sale, and *ex aequo et bono* he should pay interest as aforesaid from such time in compensation for the benefit of possession thus taken in advance of the right thereto under the contract.

2. VENDOR AND PURCHASER—*Prior Possession by Vendee—Interest on Deferred Payments—Assent of Vendor.*—The mere circumstance that the vendor subsequent to the contract of sale may assent to such advance taking of possession does not alter the rule as to liability for interest; for in such case, there being no new consideration moving from the vendee to the vendor to support such assent, equity will not imply that it was given for naught.

3. VENDOR AND PURCHASER—*Prior Possession by Vendee—Interest on Deferred Payments—Contract Mentioning no Precise Date for Payment of Deferred Payments.*—Where the contract of sale mentions no precise date or dates for the payment of the deferred payments of the purchase money, and makes such date or dates dependent upon the doing of some act by the vendor for the performance of which no time is limited by the contract of sale, and the vendee is let into the possession of the estate prior to the doing of such act, either by the contract of sale itself or by subsequent assent of the vendor, and fails to

make the payments on the dates prescribed therefor by the contract, the vendee is liable to pay interest on the unpaid purchase money from the date on which he takes possession.

4.  VENDOR AND PURCHASER—*Prior Possession by Vendee—Interest on Deferred Payments—Act to be Performed by Vendor.*— Where the contract of sale fixes the date for the taking of possession by the vendee and mentions certain dates for the payment of the deferred payments of purchase money, and contains also the additional provision that the payments shall not be demanded by the vendor until he has done some act for the performance of which no time is limited by the contract of sale; or where the contingency arises after such contract of some difficulty with respect to the title, and the vendee, having taken, continues to hold possession of the estate notwithstanding the difficulty as to title and pending its removal fails to make the payments on the dates prescribed therefor by the contract; in such cases where the act in question is finally performed by the vendor, or the objections to the title prove unsubstantial, the vendee must pay interest on the deferred payments of purchase money—not from the time of his taking possession of the estate, however, for that would be in contravention of the express contract giving him such right of possession—but from the dates mentioned in the contract of sale for such payments.

5.  VENDOR AND PURCHASER—*Prior Possession by Vendee—Interest on Deferred Payments—Fault of Vendor does not Excuse Vendee.*—Where under the rule set forth in the preceding syllabus the vendee is liable for interest on the deferred payments, the fact that the delay in making title was due to the negligent fault of the vendor will not excuse the vendee from paying interest. The only way of escape for the vendee from the payment of such interest is for him to set aside, by deposit in bank or otherwise, the money to meet the deferred payments, and notify the vendor that he has done so. But if the delay be due to the willful default of the vendor, such rule does not apply.

6.  VENDOR AND PURCHASER—*Possession by Vendee—Interest on Deferred Payments where Contract is Silent.*—Where the contract of sale fixes a date for the taking of possession by the vendee and a date or dates for the payment of the purchase money and is silent as to interest on such payment or payments, and the vendee does not take possession prior to the date fixed therefor, and does not fail to make the payments on the dates prescribed therefor, by the contract, the rule is well settled in equity as at law that no obligation of the vendee to pay interest on the deferred payments of purchase money will be implied, nor does such liability for interest arise as

damages recoverable by the vendor, except from the date or dates on which the same becomes due and payable in accordance with the terms of the obligation.

7. SPECIFIC PERFORMANCE—*He Who Asks Equity Must Do Equity— Contract Entered into under a Misapprehension Induced by Plaintiff—Parol Evidence.*—A plaintiff who seeks the aid of a court of equity to enforce specific performance of a contract submits himself to the rule that he who asks equity must do equity; and if the contract sought to be enforced was entered into by the defendant under a misapprehension which was induced by the plaintiff so that it would be inequitable and unfair to the defendant to enforce it in accordance with its strict terms, the court will refuse the relief asked, unless the granting of it can be accomplished with conditions which will obviate that result; in which case the granting of the relief upon such conditions is a proper course for the court to pursue. And parol evidence is admissible to show the existence of such misapprehension and that it was induced by the plaintiff.

8. SPECIFIC PERFORMANCE—*He Who Asks Equity Must Do Equity— Contract Entered into Under a Misapprehension Induced by Plaintiff—Parol Evidence—Case at Bar.*—Vendees of property brought suit to compel specific performance. The contract of sale was embodied in an option clause in a lease of the property by the vendors to the vendees. Vendees admitted that this clause did not embody all the terms in detail of the contract of sale. Vendors, at the time they delivered the lease and option in writing, were unquestionably under the *bona fide* belief that such written contract was not intended to embody all the terms of sale. The detail as to the obligation of the vendees to pay interest was understood and agreed to by the vendees notwithstanding the language of such written contract, which ignored it; and the vendors were induced to deliver the contract in that shape by the assurance of one of the vendees to one of the vendors, given at the time, that that was also his understanding and construction of the contract.

*Held:* That specific performance would only be enforced upon condition that the vendees should submit to the payment of interest on the deferred payments from the time they took possession at the expiration of the lease.

Appeal from a decree of the Circuit Court of Montgomery county. Decree for defendants. Complainants appeal.

*Affirmed.*

This is a suit in equity which was instituted in the court below by the appellants, the vendees, to compel the specific performance by appellees, the vendors, of a certain executory contract of sale of certain real estate.

The real estate consists of a valuable farm, with dwellinghouse and other improvements thereon, giving it a considerable rental value.

The contract of sale in so far as it is embodied in writing, is an option to purchase said farm, and is contained in one clause of a lease in writing of said farm by appellees, as parties of the first part, to appellants, as parties of the second part, dated October 25, 1914, for a period of one year next ensuing, expiring with October 25, 1915.

The contract of sale, as set forth in such writing, is as follows:

"For and in consideration of this lease the said parties of the first part do agree with the said parties of the second part that they may have the exclusive right to purchase the said property at any time that they may elect to do so until the first of September, 1915, for the stipulated sum of thirty thousand ($30,000.00) dollars, on terms of not less than $5,000 cash, and a sum of not less than $12,000 dollars by April 1, 1917, and the balance not later than three years additional time from April 1, 1917."

The vendee paid the $5,000 cash payment on August 31, 1915, and the contract of sale which the bill seeks to enforce is said clause in writing and certain additional cotemporaneous parol agreements not embodied in the writing aforesaid, namely: an agreement by the vendors fixing October 26, 1915, for the completion of the contract of sale on their part by delivery of a deed conveying the farm to vendees, and an agreement by the vendees to execute and deliver as of the same date their bonds evidencing their obligation for the deferred payments of the purchase money and also to execute a deed of trust conveying said farm as security for the payment of such bonds.

The vendors (the appellees) admit that the terms just ·
mentioned were parts of the cotemporaneous parol contract
of sale which were not reduced to writing, and they claim
that there was a further portion of such agreement which
was not expressly embodied in said writing, namely, that
the vendees were to pay and said bonds were to provide for
the payment of legal interest on said deferred payments of
purchase money from said date, October 26, 1915, fixed for
the completion of the contract, as aforesaid, and they claim
also that such writing should in this suit be construed by a
court of equity as if it did contain such an express stipu-
lation. The vendees (the appellants) take issue upon these
positions of the appellees, and they constitute the issues
in the cause.

The further material facts in the case, as clearly estab-
lished by a preponderance of the evidence, are as follows:

At the time said lease was delivered, the vendors did not
regard the clause therein on the subject of the option afore-
said as intended to set forth the complete contract between
the parties on the latter subject; and the vendors, unques-
tionably *bona fide,* believed and understood at that time
that an agreement had been reached by them with the ven-
dees that the latter would pay interest on the deferred pay-
ments from October 26, 1915, as aforesaid, and that said
option clause in the lease, although not thus expressly
worded, would be construed and acted upon by the vendees
as having that meaning; that Mr. Barnett, one of the ven-
dees and appellants, at that time so expressly assured the
vendors and stated to one of the vendors that that was also
his understanding of the contract of sale; and the vendors
were induced to deliver the lease and option in the form it
is by such assurance from Mr. Barnett.

Mr. Simpson, the other appellant, in his testimony, claims
that the subject of interest was never mentioned between
the vendors and vendees in the negotiations which culmi-

nated in the lease and option aforesaid; that he did not know of the belief and understanding aforesaid with which the vendors delivered the written agreement, or of the assurance which his co-vendee, Mr. Barnett, gave on that occasion, as aforesaid; and hence he claims that the bare terms of the lease must govern the aforesaid subject of interest. But the preponderance of the evidence establishes the fact that Mr. Simpson is mistaken in his recollection that the subject of interest was never mentioned in the negotiations aforesaid—the preponderance of the evidence being that it was mentioned and expressly stipulated for by the vendors in the negotiations aforesaid with Mr. Simpson himself.

The decree under review granted the prayer of the appellants and vendees for the specific enforcement of said contract of sale and that the vendors (the appellees) be required to convey said farm to the vendees as of October 26, 1915, only upon condition that the vendees shall submit to the payment of interest on the deferred payments aforesaid from October 26, 1915, on the first deferred payment which is now past due, and shall include obligation therefor in the bond evidencing, and in the deed of trust securing, the payment of the second deferred payment not yet due.

*H. C. Tyler* and *Harless & Colhoun,* for the appellants.

*H. C. Gilmer* and *John S. Draper, Jr.,* for the appellees.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1, 2] 1. There is a well and long-established rule in equity that where an executory contract of sale of real estate fixes a date for the completion of the contract and is silent as to interest on unpaid purchase money and is also silent

as to when possession is to be taken by the vendee, if the latter, without any new consideration therefor moving from him, takes possession prior to the completion of the contract, he must pay interest on the unpaid purchase money from the date on which he takes possession. In such case, equity, in the absence of any express agreement of the parties on the subject, implies a promise on the part of the vendee to pay such interest. This is done on the ground that the vendee enters into possession and takes the rents and profits, or other benefit of the purchase, before he is entitled thereto under the contract of sale, and *ex aequo et bono* he should pay interest, as aforesaid, from such time in compensation for the benefit of possession thus taken in advance of the right thereto under the contract. 39 Cyc. 1630; *Seldon* v. *James*, 27 Va. (6 Rand.) 465, 470; *Brockenborough* v. *Blythe*, 3 Leigh (30 Va.) 619, 638; *Fludyer* v. *Cocker*, 12 Ves. Jr., 25; Sugden on Vendors (14th ed.—8th Am. ed.), secs. 1, 2, 3, 4, 6, 7, *et seq.*, pp. 314—317, *et seq.*, and English and American cases cited; 18 Am. & Eng. Ency. Law (2d ed.), pp. 167-8; 29 Am. & Eng. Ency. Law, pp. 707-9, and cases cited; *Oliver* v. *Hallam*, 1 Gratt. (42 Va.) 298; *Bailey* v. *James*, 11 Gratt. (52 Va.) 468, 62 Am. Dec. 659. The mere circumstance that the vendor subsequent to the contract of sale may assent to such advance taking of possession does not alter the rule; for in such case, there being no new consideration moving from the vendee to the vendor to support such assent, equity will not imply that it was given for naught.

[3] The rule just mentioned has been extended by the authorities to cover cases in which the contract of sale mentions no precise date or dates for the payment of the deferred payments of the purchase money, and makes such due date or dates dependent upon the doing of some act by the vendor for the performance of which no time is limited by the contract of sale, and the vendee is let into the possess-

sion of the estate prior to the doing of such act, either by
the contract of sale itself or by subsequent assent of the
vendor, and fails to make the payments on the dates pre-
scribed therefor by the contract. Sugden on Vendors, *su-
pra*, sec. 4, p. 316; *Oliver's Ex'r* v. *Hallam's Adm'r*, 1 Gratt.
(42 Va.) 298; *Cohen* v. *Jenkins, post* p. 635, 100 S. E. 678,
decided at this term of court.

[4]    The same rule has been alike extended to apply to
cases in which the contract of sale fixes the date for the
taking of possession by the vendee and mentions certain
dates for the payment of the deferred payments of purchase
money, where the same contract, however, also contains
the additional provision that the payments shall not be de-
manded by the vendor until he has done some act for the
performance of which no time is limited by the contract
of sale (*Brockenborough* v *Blythe's Ex'rs*, 3 Leigh [30 Va.]
619) ; and also where the contingency arises after such con-
tract of some difficulty with respect to the title, and the
vendee, having taken, continues to hold possession of the
estate, notwithstanding the difficulties as to title, pending
their removal, and fails to make the payments on the dates
prescribed therefor by the contract. (*Seldon* v. *James*, 6
Rand. [27 Va.] 465, 470-1; *Hundley* v. *Lyons*, 5 Munf.
[19 Va.] 342, 7 Am. Dec. 685.) In such cases, where the act
in question is finally performed by the vendor, or the ob-
jections to the title prove unsubstantial, it is held that the
vendee must pay interest on the deferred payments of pur-
chase money—not from the time of his taking possession
of the estate, however, for that would be in contravention
of the express contract giving him such right of possession
—but from the dates mentioned in the contract of sale for
such payments.

In all of the cases above alluded to, there occurs a fail-
ure of the vendee to make the payments of purchase money
at the times at which, when the contract of sale was entered

70

into, they were expected to be made, as either impliedly understood by the parties or as expressly stipulated in the contract of sale. That is to say, in all of such cases the vendee is in default in making such payments and he is held bound to pay interest on such payments from the time of such default. Further—

[5] In the cases to which the rule above mentioned is applicable, it is well settled that the delay in making title being due to the negligent fault of the vendor will not excuse the vendee from paying interest, as aforesaid, and that the only way of escape for the vendee from the payment of such interest is for him to set aside, by deposit in bank or otherwise, the money to meet the deferred payments, and notify the vendor that he has done so. Sugden on Vendors, *supra*, sec. 3, p. 317, and authorities cited. But if the delay be due to the willful default of the vendor, such rule does not apply. *Atchison, etc., R. Co.* v. *Chicago, etc., R. Co.*, 162 Ill. 632, 44 N. E. 823, 35 L. R. A. 167.

[6] 2. But courts will not in equity, any more than at law, make contracts for parties, and the rule in equity above adverted to has no application where the contract of sale fixes a date for the taking of possession by the vendee and a date or dates for the payment of the purchase money, and is silent as to interest on such payment or payments, and the vendee does not take possession prior to the date fixed therefor and does not fail to make the payments on the dates prescribed therefor by the contract. In such case the rule is equally well settled in equity as at law that no obligation of the vendee to pay interest on the deferred payments of purchase money will be implied, nor does such liability for interest arise as damages recoverable by the vendor, except from the date or dates on which the same becomes due and payable in accordance with the terms of the obligation. 22 Cyc. 1536, 1539-1540; 39 Cyc. 1569, 1572-3; 16 Am. & Eng. Ency. Law (2d ed.) 991-2, 1002,

1041; *Buchanan* v. *Leeright,* 11 Va. (1 Hen. & M.) 211;
*Chapman's Adm'r* v. *Shepherd's Adm'r,* 65 Va. (24 Gratt.)
383; *Kent's Adm'r* v. *Kent's Adm'r,* 69 Va. (28 Gratt.) 845;
*Roberts' Adm'r* v. *Cocke,* 69 Va. (28 Gratt.) 207; note to
68 Va. Rep. Anno. 586, *et seq.; McVeigh's Ex'r* v. *Howard,*
87 Va. 599, 13 S. E. 31; *Morley* v. *Lake Shore Ry. Co.,* 146
U. S. 168, 13 Sup. Ct. 54, 36 L. Ed. 925; *Minaud* v. *Beans,*
64 Pa. 411; *McKennan* v. *Sterrett,* 6 Watts (Pa.) 162; *Nettleton* .v. *Caryl,* 14 Pa. Super. Ct. 443.

3. It is unnecessary, however, for us to determine, in
the case before us, whether the contract of sale falls within
the rule first or the rule last above mentioned. It may be
conceded that in accordance with the evidence in the record
the mind of none of the parties ever assented to a contract
of sale which was silent as to the date when the vendees
were to take possession; that the silence of the written contract of sale on the subject of interest was not due to a
mutual mistake of *all* of the parties since Simpson certainly
intended that it should be silent on that subject; and that
the contract of sale as embodied in writing, when construed
along with the lease of which it was a part, must be held
to have fixed a date for the taking of possession by the vendees as purchasers, namely, October 26, 1915, being the
day immediately following the end of the demise under the
lease. But this would not be conclusive of the case in favor
of the appellants.

[7] It is too well settled to need any extended statement that a plaintiff who seeks the aid of a court of equity
to enforce specific performance of a contract submits himself to the rule that he who asks equity must do equity; and
that if the contract sought to be enforced was entered into
by the defendant under a misapprehension which was induced by the plaintiff so that it would be inequitable and
unfair to the defendant to enforce it in accordance with its
strict terms, the court will refuse the relief asked, unless

the granting of it can be accomplished with conditions which will obviate that result; in which case the granting of the relief upon such conditions is a proper course for the court to pursue. And parol evidence is admissible to show the existence of such misapprehension and that it was induced by the plaintiff. 2 Pomeroy's Eq. Jur. (3rd ed.), sec. 860; 4 *Idem.,* sec. 1404-5; *Willard* v. *Tayloe,* 8 Wall 557, 19 L. Ed. 501, 504; *Halsey* v. *Monteiro,* 92 Va. 589, 24 S. E. 258; Waterman on Spec. Per. of Contracts, sec. 158 pp. 208-9, sec. 361 pp. 484-5, sec. 367 p. 491; *So. Ry. Co.* v. *Franklin,* 96 Va. 708, 32 S. E. 485, 44 L. R. A. 297.

As said in 2 Pomeroy's Eq. Jur., sec. 860, *supra:* "Wherever the defendant's mistake was, either intentionally or not, induced or made probable or even possible, by the acts or omissions of the plaintiff, then, on the plainest principles of justice, such error prevents a specific performance of the agreement"—in accordance with its precise terms.

And again in the same section of the learned work just quoted, it is said: "It is * * * a well-settled rule, that in suits for the specific enforcement of agreements, even when written, the defendant may by means of parol evidence show that through the mistake of * * * either of the parties, the writing does not express the real agreement, or that the agreement was entered into through a mistake as to the subject matter or as to its terms."

[8]   These statements of the law are especially applicable in the case before us, as it appears from the statement of facts preceding this opinion, that the appellants by the positions taken in their bill and in their testimony admit that the option clause in the lease was not intended to embody all the terms in detail of the entire contract of sale; that the appellees, at the time that they delivered the lease and option in writing were unquestionably under the *bona fide* belief that such written contract was not intended to embody all the terms of sale; that the detail as

to the obligation of the appellants to pay interest was understood and agreed to by the appellants, notwithstanding the language of such writing; and that appellees were induced to deliver the contract in that shape by the assurance of one of appellants to one of appellees, given at the time, that that was also his understanding and construction of the contract. And such being the case, even if the contract as embodied in writing would have been in itself equitable and fair, had it been freely entered into and delivered by the appellees without misapprehension or mistake as to its nature or consequences, it is manifest that it would work a great hardship and injustice upon appellees to enforce it in accordance with its strict terms as written. Even if the appellant, Simpson, was not aware before suit was brought of the assurance aforesaid given appellees by his associate vendee, by which the appellees were induced to deliver the contract in writing in its existing form, it would be most inequitable and unjust to allow him to reap the fruit of such assurance without being required to make it good by living up to it. That is amply sufficient ground to sustain the decree under review in so far as it affects the appellant, Simpson; and, of course, the appellant, Barnett, who gave such assurance, has no standing in a court of equity to ask for the enforcement of a contract at variance with that assurance.

The decree under review will, therefore, be affirmed.

*Affirmed.*