MURPHY v. FRANK P. MILLER CORPORATION.

1. SPECIFIC PERFORMANCE—LAND CONTRACTS—APPEAL AND ERROR—RECORD SUFFICIENT TO SUSTAIN DECREE.

In a suit for the specific performance of a land contract, where the contract and the written evidences of the payments were not formally received in evidence in the court

below, but were referred to by the witnesses and marked as exhibits, and they are offered as original exhibits in the Supreme Court pursuant to the provisions of 3 Comp. Laws 1915, § 12034, *held*, that the record in this Court is sufficient in respect to the proof submitted to sustain the decree of the court below in favor of plaintiffs.[1]

2. CORPORATIONS—POWERS OF PRESIDENT AND GENERAL MANAGER TO BIND CORPORATION.

The president and general manager of a corporation engaged in the business of buying and selling real estate has power to bind the corporation by a contract entered into in its name and on its behalf in an ordinary transaction of the corporate business without express authority of its board of directors.[2]

3. SAME—CONTRACTS—RATIFICATION.

Where the president of a real estate corporation signed a contract on behalf of the corporation to sell a certain lot to plaintiffs, and the evidence shows that they made the payments necessary to secure a conveyance of said lot to the corporation, the acceptance of said deed and its record by it was sufficient to constitute a ratification of the president's act if any was necessary.[3]

4. SPECIFIC PERFORMANCE—TENDER—SUFFICIENCY.

Where defendant's president refused to accept a check for the balance due on the contract until a personal matter between him and one of the plaintiffs had been adjusted, the tender was sufficient, in view of the reasons given for refusing it.[4]

5. SAME—LAND CONTRACTS—INTEREST ON DEFERRED PAYMENTS.

Under the terms of the contract, *held*, that defendant was not entitled to interest on the deferred payment.[5]

Appeal from Wayne; Snow (Ernest A.), J., presiding. Submitted October 15, 1924. (Docket No. 105.) Decided December 10, 1924. Rehearing denied April 3, 1925.

Bill by John T. Murphy and M. James Murphy, co-partners as Murphy Brothers, against the Frank P. Miller Corporation for the specific performance of a

---

[1]Specific Performance, 36 Cyc. p. 795; [2]Corporations, 14A C. J. § 2217; [3]Id., 14A C. J. § 2241; [4]Specific Performance, 36 Cyc. p. 702; [5]Vendor and Purchaser, 39 Cyc. p. 1569.

land contract.    From a decree for plaintiffs, defendant appeals.    Affirmed.

*Kelly, Kelly & Kelly,* for plaintiffs.

*Albert McClatchey* and *Harry J. Weber,* for defendant.

SHARPE, J.    On August 11, 1922, the defendant entered into a contract with plaintiffs whereby it agreed to sell to them lot No. 396, Ford View subdivision, in Wayne county, for the sum of $1,567.50, of which $25 was then paid, $692.50 to be paid within 10 days after the delivery of certified abstract, and the balance at the rate of $15 or more per month.    A land contract was to be executed and possession given when the $692.50 was paid.    This contract, also signed by Harry R. Miller, contained the following:

"As part of the consideration hereof and the transfer to Harry R. Miller of lot number 398 Ford View subdivision, free and clear of all liens and encumbrances, said Harry R. Miller agrees to transfer the title of lot 396 to Frank P. Miller Corporation, free and clear of all liens and encumbrances."

The bill herein was filed to compel specific performance of this contract.    Defendant appeals from a decree granting such relief.

A copy of the contract was attached to the bill.    In its answer defendant denied that the contract was entered into by or on behalf of the corporation.    The proofs clearly show that plaintiffs have fully performed and that Harry R. Miller had conveyed the lot in question to the defendant.    While the contract and the written evidences of the payments made were referred to by the witnesses and marked as exhibits, they were not formally received in evidence.    Defendant here insists that they may not be considered

by this court and that without them there is nothing to sustain the decree.    Soon after the brief of appellant was served and filed, plaintiffs filed a motion in this court for leave to offer these original exhibits as evidence pursuant to the provisions of 3 Comp. Laws 1915, § 12034.    We are impressed that the record before us is sufficient in respect to the proof submitted to sustain the decree.    There is no denial in the answer that the copy of the contract attached to the bill is not a correct copy of that entered into. At the conclusion of the proofs, the following appears:

*"The Court:* Why isn't the plaintiff entitled to the relief asked for?
*"Mr. McClatchey:* Because he has not made a case.
*"The Court:* In what respect?
*"Mr. McClatchey:* He has brought a suit here against a corporation, claiming that the corporation agreed to convey certain lands to him.    The instrument is signed by some certain person, no seal of the corporation, no authority, nothing showing any authority of any person to convey this land or enter into a contract on behalf of the corporation."

The plaintiff was then granted permission to and did put in additional proof bearing on the authority of Frank P. Miller as president to execute the contract. There is no proof in the record that the board of directors of the defendant corporation authorized the making of the contract.    It does, however, appear that, pursuant to the contract, the defendant secured the deed from Harry R. Miller and that it was placed on record.    The secretary of the defendant testified that he owned one share of the stock of the corporation; that—

"There are no others to my knowledge that have a share of stock, and that one share of stock which has been issued to me has been indorsed in blank by me."

It is apparent that Frank P. Miller was in fact

doing business under the corporate name of the defendant. Only such meetings of the board of directors were held as he requested. The purpose of the company was the buying and selling of real estate. To hold that the president, who was also acting as general manager, could not bind the company in the purchase or sale of property without authority of the board of directors, expressly conferred by resolution, would in effect nullify the purpose for which the corporation was formed, as it is a matter of common knowledge that such deals must at times be quickly consummated. The power of a president and general manager to bind a corporation by a contract entered into in its name and on its behalf in the ordinary transaction of the corporate business was considered in *Cope-Swift Co.* v. *Schlaff Creamery Co.*, 223 Mich. 543, and in *Garfield* v. *Mansfield Steel Corporation*, 223 Mich. 694. The rule there stated need not be here repeated. The record clearly shows payment by plaintiffs to the owners of lot 398 of the sums necessary to secure a conveyance of that lot to Harry R. Miller; that such conveyance was secured, and that Harry R. Miller then conveyed lot 396 to the defendant corporation. The acceptance of this deed and its record by the defendant constitute a ratification of the act of its president, even if unauthorized. *National Security & Trust Co.* v. *Niles Invisible Door Check Co.*, 222 Mich. 510.

It is urged that there was no sufficient tender of the balance due to entitle plaintiffs to specific performance. Michael J. Murphy, one of the plaintiffs, testified positively that he tendered defendant's president a check for the balance due and that he refused to accept it until a personal matter between them had been adjusted. This tender was made on the same day the deed from Harry R. Miller was secured. The tender was sufficient in view of the reason given by

defendant for its refusal.   *Browning* v. *Crouse,* 40 Mich. 339.

Defendant was not entitled to interest on the deferred payment under the terms of the contract.

The decree is affirmed, with costs to appellees.

Clark, C. J., and McDonald, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.