HOFFMAN ET AL. *v.* BARRIGER.

*Contracts—Sale of real estate—Interest on deferred payments limited to contract provisions and not implied— Interest payments due quarterly on unpaid balance, when.*

1. Where contract for sale of land specifically provides for interest as to certain deferred payments, but not as to payments provided in other separate paragraphs, interest will not be implied as to latter payments, except upon default.

2. Where contract for sale of land, after providing for initial payments, required the balance to be paid in 5 years in quarterly installments, beginning on certain date, with interest at 6 per cent. per annum, interest payments *held* to be due quarterly on whole amount unpaid at each quarter.

(Decided March 1, 1926.)

---

[1] Vendor and Purchaser, 39 Cyc. p. 1569; [2] Id., p. 1568 (Anno.).

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Moulinier, Bettman & Hunt,* for plaintiffs.
*Mr. Otto P. Pfleger,* for defendant.

HAMILTON, J. Plaintiffs in this case are the successors in title to Emma Sandowitz.

Several issues are presented by the pleadings. The main issue advanced to the court for determination is as to the payments which draw interest, the date from which interest is calculable on the deferred portions of the purchase price, and the times when such interest is payable. This question involves a construction of the agreement of purchase and sale, and depends entirely upon the construction given that instrument.

The instrument is as follows:

"Anne H. MacNeil Johnson & W. M. Clyde,
            "Real Estate,
    "Mercantile Library Building.
            "Cincinnati, Ohio, March 10, 1924.

"I offer and agree to purchase the following described property located in the city of Cincinnati, county of Hamilton, state of Ohio, and known as *1037 and 1039 Dana avenue,* being all of that parcel of land conveyed by Harry M. Price and wife to Emma Sandowitz by general warranty deed, dated April 26, 1923, and recorded in Deed Book 1305, page 92, Hamilton county recorder's office; said property consisting of a lot sixty (60) feet front by one hundred and forty-five (145) feet in depth, together with all the improvements now thereon, comprising a duplex dwelling and double

garage, together with all gas and electric fixtures, mantels and shades.

"*The price to be thirty thousand dollars ($30,-000.00)*, payable as follows:

"(1) Five hundred dollars ($500.00) deposited with this offer in the hands of Johnson & Clyde, agents, same to be refunded if the title is not as set forth below, otherwise to be applied on the purchase price;

"(2) Five thousand five hundred dollars ($5,-500.00) thirty (30) days from date of acceptance of this offer, or earlier if title examination is finished and papers are ready;

"(3) Four thousand dollars ($4,000.00) additional in four (4) months from date of acceptance of this offer;

"(4) The balance, twenty thousand dollars ($20,000.00) to be paid in five years, payable in quarterly installments of one thousand dollars ($1,000) each, beginning January 1, 1925, with interest at six (6) per cent. per annum. I am to have the privilege of paying off any multiple of one thousand dollars ($1,000.00) at any interest period.

"I agree to pay all taxes and assessments payable in June, 1924, and thereafter, to pay for all repairs, decorations and water taxes, to assume all responsibilities, and to carry insurance on property to a minimum of twenty thousand dollars ($20,-000.00).

"Upon completion of payments as above, the above-said property is to be free, clear and unincumbered and the title good and marketable, and said property is to be conveyed to me, by deed of

general warranty in fee simple with full release of dower.

"Pending completion of payments and delivery of deed, this agreement is to be evidenced by a lease with privilege of purchase and setting forth conditions as above.

"Possession of above-said property is to be given within thirty (30) days from date of acceptance.                                W. Ross Barriger.

"I hereby accept the offer set forth above.

"Emma Sandowitz.

"Louis Sandowitz.

"The receipt of a deposit of five hundred dollars ($500.00) to be applied as above is hereby acknowledged.

"Anne H. MacNeil Johnson & W. M. Clyde.

"W. M. Clyde."

Pursuant to the agreement, a so-called lease was entered into on April 8, 1924. The amount of $500 provided for in paragraph 1 was paid at the time of the execution of the contract. The payment of $5,500, provided for in paragraph 2, was made in accordance with the terms thereof, and the payment of $4,000, mentioned in paragraph 3, was paid as provided.

Plaintiffs claim to be entitled to interest on $20,000 from April 10, 1924, to January 1, 1925, and on $4,000 from April 10, 1924, to July 10, 1924, and further contend that on payment of each quarterly installment, as provided for in paragraph 4, they are entitled to interest on the full unpaid balance quarterly.

The defendant denies the right to interest on any sum prior to January 1, 1925, and seeks to pay

interest at 6 per cent. on the quarterly payments of $1,000, as they become due.

Many cases are cited by counsel for both parties, but are of little aid, as the question turns on the construction of the agreement, construed as a whole.

No interest on the payments provided for in paragraphs 1, 2, and 3 is mentioned in the agreement. This omission, together with the provision in paragraph 4 for the payment of interest on the balance of the purchase price, would clearly indicate that the parties did not intend that interest should be paid on the payments provided for in paragraphs 1, 2, and 3. In other words, contractual interest being provided for as to some deferred payments, interest will not be implied as to others, except upon default in payment.

It would require a strained construction to hold that the mention of interest in paragraph 4 relates back of the date therein named. This paragraph is separate, distinct, and numbered, and, under its terms, payment of the balance begins January 1, 1925, with interest at 6 per cent. per annum.

We are of opinion that the proper construction of the agreement is that the payments provided for in paragraphs 1, 2, and 3 carry no interest. It is reasonable to suppose that the parties in executing the agreement considered the payments provided for in paragraphs 1, 2, and 3 to be sufficient and justified the waiver of any interest charges to January 1, 1925.

Our conclusion is that the only interest to which plaintiffs are entitled is 6 per cent. on the balance

of $20,000, from January 1, 1925. We further hold that the interest payments are due quarterly, on the whole amount unpaid at each quarter. Appellants are therefore entitled to a judgment for the interest so calculated and unpaid.

As to all other questions, the finding is for the appellee.

*Decree accordingly.*

BUCHWALTER, P. J., and CUSHING, J., concur.