## CROSBY *v.* GLICK.

*Contracts—Sale of real estate—Purchaser not liable for inter-*
*est on deferred payments, when—Liability unaffected by*
*agreement to execute regular form land contract.*

1. Purchaser, taking possession under written land contract
   providing for payment in installments, but not expressly
   providing for interest on amount owing, and not due, is
   not liable for interest thereon.

2. Under contract to buy land on installment plan, containing
   no stipulation for interest on amount owing, but not due,
   and providing that, when $100 had been paid, vendor
   would "make a regular form land contract as per agree-
   ment above," deferred payments on purchase price did
   not bear interest, notwithstanding regular form land con-
   tract ordinarily provides for interest.

(Decided April 5, 1926.)

APPEAL: Court of Appeals for Lucas county.

*Messrs. Stahl & Price,* for plaintiff.
*Mr. George A. Meekison,* for defendant.

WILLIAMS, J. This cause comes into this court
on appeal from the court of common pleas of this
county. The plaintiff brought an action in eject-
ment to recover possession of the premises de-
scribed in the petition. The defendant, by way of
cross-petition, asked for specific performance of a
contract for the purchase of such premises. Upon
hearing the court below found that the plaintiff was
not entitled to the possession of the premises, but
gave the defendant the relief asked for in his cross-
petition, by decreeing specific performance of the
land contract upon payment by the defendant of

the balance of the unpaid purchase price, amounting to $459.

The sole question presented for the determination of this court is whether or not the plaintiff is entitled to interest on the amount owing, but not due, under the land contract. We quote the contract in full:

"Toledo, Ohio, Aug. 30, 1915.

"Received of Lester L. Glick (purchaser) assignment of savings account, amount about $68, to apply on purchase of the following described real estate in the city of Toledo, Lucas county, Ohio, viz.: Lot No. 5 in the Stebbins-Speilman Company's subdivision, being 1624 West Bancroft street, this day sold at price of $3,059. Purchaser hereby agreeing to pay the balance of said purchase price in the following manner: Purchaser agrees to keep up payments on above assigned savings account and make payment of $25 on the 1st day of each and every month, starting October 1, 1915. When $100 has been paid in, company will make regular form land contract as per above agreement, subject to taxes and assessments due and payable after date. In case title to said premises is not good, or if we are unable to convey the above-described property, the above-mentioned assignment to be returned upon surrender of this receipt, without any liability to the undersigned.

"The H. L. Stebbins Co.,
"By H. L. Stebbins.
"Accepted: Lester L. Glick."

After the execution of the contract the H. L. Stebbins Company conveyed its interest in the premises in question to the plaintiff, together with

any interest it had in and to the land contract. There is no evidence to show that any subsequent agreement was made between the parties, or that the parties themselves, in carrying out the contract, put any construction upon it which would be controlling, or that the defendant is now estopped from claiming that he was not liable for interest, except upon past-due installments. It is well settled that a purchaser, who takes possession under a written land contract providing for payments of the purchase price in future installments, but not expressly providing for interest upon the amount owing but not due, is not liable for interest upon any part of the purchase price until the same becomes due. 27 Ruling Case Law, 537, Section 271; 35 Cyc., 272.

It is claimed, however, by the plaintiff, that, as the contract provided that when $100 had been paid in the company (the grantor of the plaintiff) would "make a regular form land contract as per agreement above," and as such a land contract ordinarily provides for the payment of interest upon all unpaid portions of the purchase price, it was the intention of the parties to the contract that interest should be so paid. We believe such a construction would be untenable, because the contract itself provides that the regular form land contract shall be "as per agreement above"; in other words, that it would be upon the same terms as to payment as is provided in that part of the contract which precedes the provision referred to. Under the contract as entered into, deferred payments of the purchase price would not bear interest, but only past-due installments.

A decree will be entered substantially as was entered by the court below.

*Decree accordingly.*

RICHARDS and YOUNG, JJ., concur.