### GEORGE J. LUND v. ERLING H. LARSEN.[1]

November 15, 1946.

No. 34,295.

[1]Reported in 24 N. W. (2d) 827.

*P. F. Schroeder*, for appellant.
*H. N. Jenson*, for respondent.

PETERSON, JUSTICE.

This is an action for a declaratory judgment in which the question for decision is whether a purchaser in possession under an executory contract for the sale and purchase of real estate is liable for interest on installment payments of the purchase price before they become due, where the contract provides that the purchaser shall pay interest on the entire unpaid purchase price during three calendar years following its execution and that the installment payments shall begin afterward, but is silent as to whether or not the installment payments shall bear interest.

Defendant is the purchaser's assignee, but the parties have treated him as standing in the purchaser's shoes. The contract bears date December 29, 1937, but was finally executed and delivered in March 1938. Under a provision expressly giving the purchaser the right of possession, defendant took possession in March 1938 and continued thereafter to occupy the farm and enjoy the profits therefrom.

By the terms of the contract, plaintiff agreed to sell and convey a farm to the purchaser, who agreed to pay as the purchase price therefor the sum of $6,700, payable in an installment of $700 on October 1, 1941, and six annual installments of $1,000 each beginning on October 1, 1942. The contract provided that the purchaser should pay four percent interest annually on the entire unpaid purchase price (referred to in the contract as the "principal sum") on the first day of October in 1938, 1939, and 1940. There were no other contractual provisions relative to interest, except that the default clause authorized cancellation of the contract by the vendor for "default * * * made in the payment of principal or *interest* due hereunder * * *." (Italics supplied.)

It is apparent from the surrounding circumstances that the farm was not a very productive one. Defendant paid the interest for the years 1938, 1939, and 1940, but not punctually when it came due. By October 1, 1944, installment payments aggregating $3,700 had come due. Between October 16, 1941, and November 29, 1944, defendant from time to time paid various sums aggregating $3,200 to apply on these installment payments. Not only was defendant $500 in arrears on the date last mentioned, but, in addition, no installment was paid on its due date. The delays were substantial. No interest was paid. Apparently a dispute had arisen as to whether under the contract the purchaser was liable for interest upon the installment payments before default. Plaintiff accepted the payments in question on the principal, subject to a reservation of his rights to claim interest, if any was payable.

The trial judge held that under the contract plaintiff was entitled to interest on the installment payments after the year 1940 at the rate of four percent per annum. In so doing, he applied the rule in equity under which it is held in suits involving the enforcement of contracts for the sale and purchase of real estate that a purchaser under an executory contract is under an equitable obligation to pay interest upon the unpaid purchase price where a situation not covered by an express provision of the contract and not contemplated by the parties has arisen, as where the vendor delays performance to a purchaser in possession and payment of the purchase price is due at the time stipulated for the vendor's performance or where a purchaser takes possession before he is entitled to it. The basis of the rule in equity is that it is inequitable in the first-mentioned case that the purchaser should enjoy the use and benefit of both the land and the purchase money, where payment of the purchase money is due, without paying interest on the purchase money to compensate for the use of the land, and in the latter case that he should have possession of the land before he is entitled to it without paying interest to compensate for the possession thus taken. Hence, it is said that the purchaser should not have the benefit of the possession of the land in such cases with-

out liability for interest on the purchase money. The equitable obligation to pay interest is imposed to adjust the equities of the parties where the contract itself contains no provision governing the situation. (See, Annotation, 75 A. L. R. 317, *et seq.*) The trial judge cited in support of his view King v. Ruckman, 24 N. J. Eq. 298, and 1 Warvelle, Vendors (2 ed.) § 180.

Interest in the strict sense of the term being compensation for the use of another's money, liability for interest is purely contractual, with the consequence that a person is not chargeable with interest unless he has agreed to pay it. County of Redwood v. Winona & St. P. Land Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473 (affirmed, 159 U. S. 526, 16 S. Ct. 83, 40 L. ed. 247) ; Mason v. Callender, Flint & Co. 2 Minn. 302 (350), 72 Am. D. 102 (overruled on another point, Talcott v. Marston, 3 Minn. 238 [339]) ; 3 Dunnell, Dig. § 4877. It is important in this connection to keep in mind the fundamental distinction between interest as such and interest as damages. The former, as has been said, is compensation for the use of money. The latter, whether allowed by statute or otherwise, is an amount awarded for default in failing to pay money when due. County of Redwood v. Winona & St. P. Land Co. and Mason v. Callender, Flint & Co. *supra.* The damage resulting from delay in making payment is the value of the use of the money, which is arbitrarily measured by statute at the legal rate of interest. Talcott v. Marston, *supra.*

Because interest is the creature of contract, it would seem to follow logically and the well-settled rule is that, where a contract for the sale and purchase of real estate contains express provisions relating to the purchaser's liability for interest, those provisions determine not only whether interest shall be payable on the unpaid purchase price, but also all matters relevant thereto, such as the rate of interest, whether installment payments shall bear interest, and when interest shall accrue and cease, even though the purchaser enters into possession of the purchased land under the contract. Conversely, where the contract contains no provision for payment of interest on the unpaid purchase price, whether payable in a

lump sum or in installments, the purchaser is not liable for interest before default in making payment when due, even though he takes possession under the contract. After default, he is liable for interest as damages because of the default. Arrington v. Blackwell, 207 Ala. 314, 92 So. 902; Upton v. Gould, 64 Cal. App. (2d) 814, 149 P. (2d) 731; Burke v. Meyerstein, 94 Cal. App. 349, 271 P. 343; Fowler v. Harts, 149 Ill. 592, 36 N. E. 996; DeVares v. Corea, 202 Ill. App. 465; Murphy v. Frank P. Miller Corp. 229 Mich. 162, 200 N. W. 974; Stevenson v. Maxwell, 2 Sandf. Ch. (N. Y.) 273 (reversed on other grounds, 2 N. Y. 408); Cummins v. Houghton, 167 Okl. 278, 29 P. (2d) 71; Minard v. Beans, 64 Pa. 411; Nettleton v. Caryl, 14 Pa. Super. 443; Lines v. Potter, 42 S. D. 463, 176 N. W. 150; Barnett v. Cloyd's Executors, 125 Va. 546, 100 S. E. 674; 66 C. J., Vendor and Purchaser, § 739.

Since there cannot be two conflicting rules operating at one and the same time to determine the rights of the parties under a contract with respect to the same subject matter, the rule is that where there is an express provision in a contract for the sale and purchase of real estate relating to the purchaser's liability for interest the provisions of the contract govern with respect to the matter, and the rule in equity under which an equitable obligation to pay interest is imposed upon the purchaser in order to adjust the rights and obligations of the parties has no application. The rule in equity will not override express contractual provisions relating to the same matter. Security S. & T. Co. v. Latta, 118 Or. 559, 247 P. 777; Barnett v. Cloyd's Executors, *supra*.

Likewise, because a contract will not be implied where there is an express contract embracing the same subject matter (see, Universal Co. v. Reel Mop Corp. 212 Minn. 473, 4 N. W. [2d] 86; Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 292 N. W. 777; 3 Dunnell, Dig. & Supp. § 4301), no promise to pay interest will be implied as against the purchaser from the mere fact that he has taken possession under the contract where there is an express provision in the contract governing the matter. Minard v. Beans; Nettleton v. Caryl; and Barnett v. Cloyd's Executors,

*supra.* In Minard v. Beans, *supra,* the court said (64 Pa. 413):
"It was a mistake to imply it [an obligation to pay interest] from
possession of the property by the vendee, when no money was due
or withheld." As said in De Visme v. De Visme, 1 Macn. & G. 336,
347, 41 Reprint 1295, 1299:

"* * * It is very true that parties may contract themselves out
of an implied rule, and that where the law would imply the allow-
ance of interest from a certain time, they may, by special contract,
say that interest shall not be paid at that time, but at some other
time."

Here, there is an express contractual provision governing the pur-
chaser's liability for interest on the unpaid purchase price. The
contract provides in effect that interest shall be payable on the un-
paid purchase price until the installment payments begin. That
is the only liability of the purchaser for interest. Where the con-
tract specifically provides in what respects there shall be liability
for interest on the unpaid purchase price, no liability for interest
will be implied in others. Hoffman v. Barriger, 20 Ohio App. 414,
152 N. E. 198 (contract providing for interest as to some deferred
payments, but not as to others); Crosby v. Glick, 22 Ohio App. 466,
153 N. E. 300; 66 C. J., Vendor and Purchaser, § 246. The de-
fault clause does not purport to impose any liability for interest.
By its terms, it relates to default in the payment of "interest due
*hereunder.*" (Italics supplied.) Plainly, that refers to interest
provided for in other parts of the contract and authorizes the
declaration of a default only for nonpayment of such interest. The
only interest provided for in the contract, and it is to this that the
default clause refers, is that stipulated on the entire purchase
price during the years 1938, 1939, and 1940. That being true, the
only liability of the purchaser here for interest under the contract
was that stipulated for upon the principal sum prior to the com-
mencement of the installment payments. In construing the con-
tract as providing for payment of interest on the installment pay-
ments before default, the trial judge erred. The authorities cited
by him are not in point and have no application here, because both

the case of King v. Ruckman, 24 N. J. Eq. 298, and 1 Warvelle, Vendors (2 ed.) § 180, relate to the rule in equity already mentioned, where in certain cases, absent express provision in the contract relating to the purchaser's obligation to pay interest, an equitable obligation to do so is imposed. That rule, as we have pointed out, has no application here. The question as to whether plaintiff is entitled to any interest as *damages* for defendant's numerous failures to make payments when due is not before us. The only question before us is whether the purchaser is liable under the contract—this action is one for the construction of the contract—for interest *as such* upon the installment payments before default, and not whether he is liable for interest as *damages* for default—for breach of the contract. See, Mason v. Callender, Flint & Co. 2 Minn. 302 (350), 72 Am. D. 102, *supra*.

Defendant was entitled to judgment as a matter of law.

Reversed with directions to order judgment in favor of defendant.

[1]Reported in 24 N. W. (2d) 831.