369 P.2d 932

**Moroni BOTT, Jr., Plaintiff and Respondent,**

**v.**

**A. M. REEDER, a/k/a Adolph M. Reeder, and wife Ada M. Reeder, Defendants and Appellants.**

**No. 9539.**

Supreme Court of Utah.

March 27, 1962.

Sherma Hansen, Brigham City, W. Eugene Hansen, Salt Lake City, for appellants.

George D. Preston, Logan, for respondent.

WADE, Chief Justice.

Moroni Bott, Jr., respondent herein, brought this action for specific performance of an agreement to convey real property. This appeal is from a judgment in favor of Moroni Bott, Jr.

The record discloses that in August, 1943, A. M. Reeder agreed to sell Moroni Bott, Jr. certain real property located in Box Elder County, Utah, and a water right for

the sum of $4,000. Mr. Bott paid $500.00 at the time the agreement was entered into, and it was agreed the balance of the purchase price was to be paid at the time Mr. Reeder delivered a deed to Mr. Bott, and interest was not to commence on the unpaid balance until 90 days after delivery of the deed by the Reeders to Mr. Bott. Both parties knew there was a defect in the title and that the Reeders were purchasing the property from an estate which was in the process of probate, but it was expected that the Reeders would be able to deliver a deed within a short time. It was agreed that Bott should have immediate possession of the land in question. When this suit was brought in 1959, and at the time of the trial thereof in 1960, no deed had yet been delivered by the Reeders to Mr. Bott.

Appellants' sole ground for appeal is from the refusal of the court to grant interest on the balance of the purchase price for the period commencing at the time Mr. Bott took possession of the land in September, 1943, until a deed was delivered to him by respondents in August, 1961.

It is appellants' contention that in the absence of an express provision in the contract equity will require a purchaser of land who has gone into possession to pay interest on the purchase price due before it will grant specific performance where the purchase price becomes due and the deed is to be tendered on a certain date and the deed is not delivered on that date by the vendor.[1] Even though we might agree that such would be the law under such circumstances, it does not apply under the uncontradicted testimony of the parties and findings of the court that there was an express agreement in the instant case that there would be no interest charged on the purchase price until 90 days after the tender of a deed. Under such a state of facts the provisions of the agreement govern rather than an equitable rule which imposes an obligation to pay interest in order to adjust the rights of the parties.[2]

Affirmed. Costs to respondent.

HENRIOD, CALLISTER, McDONOUGH and CROCKETT, JJ., concur.

1. 75 A.L.R. Anno. 317, et seq.; 55 Am. Jur. 347, and Brockenbrough & Taylor v. Blythe's Executors and Others, 3 Leigh (Va.) 619.

2. Lund v. Larsen, 222 Minn. 438, 24 N.W. 2d 827, 25 A.L.R.2d 954.